SLOAN ET AL. v. REBMAN.

1. **Highway:** OBSTRUCTION: ACTION TO ABATE: PLEADING: PRACTICE. In an action to abate as a nuisance the obstruction of a highway, where the jury found generally for the plaintiff, but the petition failed to locate the alleged obstruction, and to state on whose land it was, *held* that a motion in arrest of judgment was properly sustained, because, from the facts of record, the court could not, in its order of abatement, describe the alleged obstruction, and could not tax the cost of such abatement against the defendant.   See Code, § § 4093, 4519.

*Appeal from Dubuque District Court.*

FRIDAY, APRIL 24.

THIS is an action for the abatement of a nuisance. There was a verdict for plaintiffs. Defendant filed a motion in arrest of judgment, which the court sustained. Plaintiffs appeal.

*T. S. Wilson* and *S. P. Adams*, for appellants.

*H. T. McNulty* and *R. W. Stewart*, for appellee.

REED, J.—The wrong complained of is the obstruction of a highway. It is alleged in the petition that from the year 1840 to December, 1879, there had existed an open public highway, running through mineral lots numbers 342, 341, 351, 371 and 371a, in Dubuque county, and that plaintiffs had used this highway for many years in passing between their farms and the city of Dubuque, and that defendant, in December, 1879, obstructed the same by erecting fences on and across it. A plat is attached to the petition, and referred to as an exhibit, and it is alleged in the petition that the course of said highway through mineral lots 371 and 371a, and the obstructions complained of, are shown on this plat.

It is shown by the plat that lot 371a adjoins lot 371 on the south. The line of the alleged highway through these lots is traced on the plat. The tracing shows that the road enters lot 371a at the south-west corner of the lot, and runs in a north-easterly direction through the two lots, crossing the east line of lot 371 some distance south of the north-east corner of that lot. The courses and distances are marked on the plat so that there would not probably be any difficulty in retracing the line of the road on the ground through the two lots from the *data* given on the plat. There is nothing, however, on the plat to indicate the location of the alleged obstructions, nor are there any allegations in the petition

showing their location. It is not even alleged that the obstructions complained of are situated on lots 371 and 371a. Nor is it alleged that defendant is the owner of said lots, or that he is in possession of them. The only relief demanded by plaintiffs was the abatement of the nuisance occasioned by the obstructions complained of. The judgment which would be appropriate to secure to plaintiffs the relief they demand would be an order of the court for the removal from the highway of said obstructions. The court is empowered to make such order by section 4093 of the Code, and the removal of the obstructions would be made at the cost of the defendant. The delivery to the sheriff of a certified copy of such order would authorize and require him to execute the judgment. Section 4519. No other writ or process for the execution of the judgment is provided for by the statute. It is manifest, therefore, that the order in such cases must so describe the nuisance which is to be abated or removed, as that the officer who is required to execute it will be able to identify with certainty, by the terms of the order, the object against which it is directed.

If all the averments in plaintiff's petition had been confessed, it would have been impossible for the court, from them alone, to so describe the alleged obstructions of the highway in an order, as that they could thereby be identified by the officer who might be charged with the duty of removing them. This defect in the pleading might have been cured by a special verdict by the jury, determining the location of the obstructions; but the jury was not required to find specially on any question, and the only verdict returned was a general verdict for plaintiff; or plaintiffs, after the motion in arrest was filed, might have filed a statement of the omitted facts, as provided in section 2842 of the Code; but this was not done. The judgment of the court must in every case be based upon the facts which are established by the record, and it is the business of a party seeking relief to so establish the facts which are essential to his recovery. The court, in the

present case, as we have seen, could not have entered the order on the facts alone which are averred in the petition, and the general verdict of the jury is a finding in plaintiff's favor only as to the facts so averred.

We think, therefore, that the motion in arrest of judgment was properly sustained, and the order sustaining it is

AFFIRMED.