## Henry C. Littlejohn v. Daniel H. Arbogast.

86b  505
s95  607

1. COURTS—*Entering Judgment Nunc Pro Tunc After the Term.*—A court has no power to enter a judgment *nunc pro tunc* as of a previous term, unless a judgment was in fact rendered at the previous term, and some minute or memorial paper thereof appears in the record itself.

2. PRESUMPTIONS—*In Favor of Verdicts.*—Every presumption is in favor of the verdict of the jury, and until it is set aside by the court it is proper to give judgment upon it.

3. APPELLATE COURT PRACTICE—*Where There Has Been a Failure to Enter a Proper Judgment.*—Where there has been a failure on the part of the court to enter a proper judgment upon a verdict the Appellate Court may, upon motion, remand the cause to the Circuit Court, with leave to the plaintiff to move that court for a proper judgment on the verdict.

**Error** to the Circuit Court of De Witt County; the Hon. WILLIAM · G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1899. Reversed and remanded, with directions. Opinion filed December 20, 1899.

HERRICK & HERRICK and MOORE, WARNER & LEMON, attorneys for plaintiff in error.

There must be a memorial paper or minute by which the record may be amended, and it must be made and preserved as a part of the record pursuant to law. Dougherty v. People, 118 Ill. 164; Tynan v. Weinhard, 153 Ill. 598; 1 Bacon's Abridgment, title, Amendment, F; Cook Co. v. Dock Co. 131 Ill. 510.

The judgments and records of courts can not rest in parol or upon so uncertain a foundation as the personal recollection of the judge or any other person, and the fact that a judgment was rendered at the former term can not be determined from the memory of witnesses or the personal recollection of the judge himself. Where there is no minute or memorial paper in the records of the court to show that judgment was in fact pronounced, it can not be so entered. Tynan v. Weinhard, 153 Ill. 598; Dougherty v. People, 118 Ill. 164; Ayer et al. v. City of Chicago, 149 Ill. 262; Coughran v. Gutchens, 18 Ill. 390; Frew v. Danforth, 126 Ill. 242.

The weight of authority sustains the rule that only by some entry or memorandum on or among the records of the court can the rendition of a judgment be proved. An entry must somewhere be found and produced in court, apparently made by the authority of the court. It must be in some book or record required to be kept by law in that court. Freeman on Judgments, Section 62; Dickins v. Bush, 23 Ala. 849; Metcalf v. Metcalf, 54 Am. Dec. 190.

At a subsequent term the court can only allow amendments in mere matters of form, or to correct clerical errors after notice has been given to the opposite party. Coursen v. Hixon, 78 Ill. 339; Insurance Co. v. Chamber of Commerce, 69 Ill. 22; Baker v. Palmer, 83 Ill. 568; McKindley v. Buck, 43 Ill. 488; Saving Institution v. Nelson, 49 Ill. 171.

WELTY & STERLING and GEORGE K. INGHAM, attorneys for defendant in error, respectfully ask, under the authority, as was done in the case of C., B. & Q. R. R. Co. v. Wingler, 165 Ill. 634, that in case your honors reverse the said judgment, that the same be remanded to the Circuit Court, with leave to defendant in error to move for a proper judgment on the verdict.

OPINION PER CURIAM.

At the December term, 1897, of the Circuit Court of De Witt County, a verdict for $2,000 damages was returned against the plaintiff in error, and at the same term his motions for a new trial and in arrest of judgment were overruled by the court, and no other order or final judgment was afterward entered at that term, except the order for an appeal, nor was there any minute or memorial paper of such order or judgment. At the March term, 1898, on motion of the defendant in error the court ordered a judgment for $2,000 upon the verdict, to be entered *nunc pro tunc* as of the former term, to reverse which this writ of error is prosecuted.

The authority of the court to enter such judgment *nunc pro tunc* is challenged, because no judgment was in fact rendered or ordered at such term, nor was there any minute or memorial of such judgment, and the records of the court could not rest in the recollection of the witnesses or the memory of the judge alone. Counsel for defendant in error in their brief in effect confess this error, and request us to remand the cause to the trial court with leave to move that court for a proper judgment under the authority of C., B. & Q. R. R. Co. v. Wingler, 165 Ill. 634, where it was held that a court has no power to enter a judgment *nunc pro tunc* as of a previous term unless a judgment was in fact rendered at the previous term, and some minute or memorial paper thereof appear in the record itself.

To the request for such leave counsel for plaintiff in error object in their reply, contending that nothing remains in the record upon which a judgment could properly be entered

at any time. The general rule is that every presumption is in favor of the verdict of the jury, and until it is set aside by the court it is proper to give judgment upon it. Nothing is shown against the verdict in this case, but the opposite appears by the record. The trial court overruled a motion for a new trial, and in arrest of judgment in the case where the verdict was returned, and thereby in effect approved it. There is no bill of exceptions containing the evidence, or the instructions of the court, by which the verdict was induced. The motion for a new trial containing the exception to the verdict, and the exceptions to the rulings of the court upon such motion are ˇ absent from the record, and therefore nothing appears from which the sufficiency or validity of the verdict can be questioned, or the decision of this court adversely affecting it be required, according to the well settled practice, and we therefore conclude nothing remains for the trial court but to cause a judgment to be entered upon such verdict. By the authority above cited the court was powerless to render the judgment that was entered, and it will be reversed and the cause remanded to the Circuit Court with leave' to move that court for a proper judgment on the verdict. Reversed and remanded.