## H. C. Littlejohn v. Daniel H. Arbogast.

1. INSTRUCTIONS—*Where Witnesses Have Sworn Falsely.*—An instruction which states that if the jury believe from the evidence that any witness has sworn falsely to any material fact in issue they are at liberty to disregard the whole of such witness' testimony except wherein

it is corroborated by other credible evidence in the case, is erroneous as omitting the essential element that the witness has knowingly or willfully sworn falsely.

2.  SAME—*Test for Impeachment.*—A witness may be honestly mistaken as to some material fact and innocently swear falsely concerning it, and his testimony on other points be worthy of belief. The knowledge or willfulness of the untrue statement is the test for his impeachment.

3.  MALPRACTICE—*Liability Where a Surgeon is Prevented from Reducing a Dislocation.*—Where a surgeon is prevented from reducing a dislocation by the refusal of his patient to submit to the operation, the surgeon can not be held liable for damages resulting therefrom.

4.  SAME—*Duty of Patients.*—It is the duty of a patient to submit to the necessary treatment prescribed by his physician or surgeon. If he is delirious and can not be made to understand the necessity of the treatment proposed, the physician or surgeon may co-operate with the patient's immediate family and resort to reasonable force. But if the patient is in such a condition and the members of his family having him in charge refuse to allow the proposed treatment, the physician or surgeon will not be required to use force and will not be liable for any injury to limb or health resulting from a failure to use the proposed treatment.

**Trespass on the Case,** for malpractice. Error to the Circuit Court of De Witt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded. Opinion filed June 10, 1901.

HERRICK & HERRICK and MOORE, WARNER & LEMON, attorneys for plaintiff in error.

WELTY & STERLING and GEORGE K. INGHAM, attorneys for defendant in error.

MR. PRESIDING JUSTICE HARKER delivered the opinion of the court.

This suit was brought by the defendant in error against the plaintiff in error to recover damages for malpractice as a surgeon. The plaintiff in error was called to treat the defendant in error for injuries received in being thrown from a wagon loaded with brick, whereby his back was seriously affected and his hip dislocated. The cause was tried by a jury at the December term, 1897, and a verdict rendered against the plaintiff in error for two thousand dollars. Motions for a new trial and in arrest of judgment

were made and overruled, but no judgment was rendered at that term of court. No order of continuance was entered and the case .went off the docket in that condition. At the March term, 1899, upon motion by the defendant in error and notice to plaintiff in error, a judgment *nunc pro tunc* of the December term, 1897, was entered. The proceedings upon that motion were brought before this court by writ of error and the judgment was reversed at the May term, 1899. We remanded the cause to the Circuit Court "with leave to move that court for a proper judgment on the verdict." Littlejohn v. Arbogast, 86 Ill. App. 505. The Circuit Court subsequently entered a proper judgment, and now the entire record is brought before us for review.

We do not care to enter into a discussion of the authority of the Circuit Court to enter the last named judgment. It was entered in obedience to the order of this court. When plaintiff in error first called to treat the defendant in error, he found him in a precarious condition and was of opinion that he was fatally injured. The symptoms were such as to lead him to the conclusion that the spine was permanently injured. There was also a dislocation of the hip which has never been reduced and which has left the defendant in error a cripple for life. The vital issue upon the trial was whether plaintiff in error negligently failed to discover and properly treat the dislocation, or, having discovered it, negligently failed to properly treat it. The testimony is conflicting. The testimony for the defendant in error was to the effect that the plaintiff in error did not discover the dislocation, or at least gave no information of having done so, until it was too late to remedy the injury. The plaintiff in error testified that he discovered the dislocation from the beginning, and that as soon as he believed the patient was in proper condition, and when it was yet time, he offered to reduce it, but was not permitted to do so. He testified that he had reason to believe at first that there was such serious injury to the spinal column that an attempt to reduce the dislocation would hazard the life of the patient; that when the patient rallied in a few days

and gave hopes of recovery, he insisted upon giving an anæsthetic and reducing the dislocation, but that the patient said that he could not go through with the operation and would not allow it to be performed. Upon that point there was a sharp conflict. It was a case which especially called for accuracy of instructions.

The first instruction given to the jury reads as follows:

"1. The court instructs the jury that if you believe from the evidence that any witness in this case has sworn falsely to any material fact in issue, then you are at liberty to disregard the whole of such witness' testimony except wherein it is corroborated by other credible evidence in the case."

The vice of this instruction is that it omits the essential element that the witness had knowingly or willfully sworn falsely. A witness may be honestly mistaken as to some material fact and innocently swear falsely concerning it, and his testimony on other points be worthy of belief. The knowledge or willfulness of the untrue statement is the test for his impeachment. Brennan et al. v. The People, 15 Ill. 511; Chittenden v. Evans, 41 Ill. 251; Paxton v. People, 114 Ill. 505.

Some of the other instructions are misleading in that they, in stating the liability of the defendant for want of care and skill as a surgeon, omit the contention that the plaintiff in error was prevented from doing what it is claimed he should have done with reference to the dislocated hip. If the plaintiff in error was prevented from reducing the dislocation by the refusal of the defendant in error to submit to an operation, he could not be held liable for damages resulting therefrom. It is the duty of a patient to submit to the necessary treatment prescribed by his physician or surgeon. If the patient is delirious and can not be made to understand the necessity of the treatment proposed, the physician or surgeon may co-operate with the patient's immediate family and resort to reasonable force. If the patient is in that condition and the members of his family having him in charge refuse to allow the proposed treatment, then the physician or surgeon

would not be required to use force. Surely, he should not be held liable for injury to limb or health resulting from a failure to use the proposed treatment.

We can not say that the errors contained in the instruc-tions mentioned were cured by accurate instructions which were given. There is no telling which instructions the jury followed. It is not necessary to discuss the conten-tion that there was a variance between the evidence and the declaration and that certain instructions were not based upon the allegations contained in the declaration. The question of variance was not made upon the trial, and when now made comes too late. The instructions are based upon the evidence and the objections that they do not follow the allegations in the declaration appear to be now made for the first time.

Because of the errors contained in the instructions first mentioned, the judgment of the Circuit Court will be reversed and the cause remanded for another trial. Re-versed and remanded.