SAMUEL DECATUR, Appellee, v. W. L. SIMPSON, Appellant.

Malpractice of Physician: IMPLIED CONTRACT OF PHYSICIAN: *Curing error by instructions.* In an action against a physician for malpractice, refusal to instruct that the implied contract of defendant was that he possessed and would employ the average and reasonable skill and diligence ordinarily exercised by the profession at the time and place and in places similar to that in which defendant practiced was not rendered harmless by an instruction which was similar thereto, except that it ignored locality, since the locality where the physician practiced was material to the correctness of the instruction.

PLEADING MALRACTICE OF PHYSICIAN: *Freedom from contributory negligence.* A petition in an action against a physician for malpractice which fails to allege plaintiff's freedom from contributory negligence is subject to demurrer.

OVERRULED DEMURRER: *Right to subsequently move in arrest of judgment.* Code, section 3564, provides that when a demurrer is overruled, and the demurrant answers, the sufficiency of the pleading may be determined as if no demurrer had been filed; section 3563 provides that, if the facts stated in a petition do not entitle plaintiff to any relief whatever, advantage may be taken of it by motion in arrest of judgment; and section 3758 provides that either party may file a motion in arrest of judgment where the pleadings of the prevailing party wholly fail to state a cause of action or a complete defense. *Held,* that where defendant in an action against a physician for malpractice answered, he could, after his demurrer to the petition on the ground that it failed to allege plaintiff's freedom from contributory negligence was overruled, raise the same objection on a motion in arrest of judgment.

ISSUES AND INSTRUCTIONS: *Curing error.* Where a plaintiff, whose petition was defective, in that it did not allege freedom from contributory negligence on his part, failed to cure such defect on a motion in arrest of judgment, as allowed under Code, section 3760, the submission of the case to the jury under an instruction that the burden was on plaintiff to prove freedom from contributory negligence did not cure the defect.

**Practice:** SPECIAL INTERROGATORIES. Where special interrogatories call for ultimate facts inhering in, and necessary to be determined in reaching a verdict, they or similar ones should be submitted

**Appeal:** *Failure to amend after motion in arrest of judgment.* A party whose pleading is defective, and who does not on a motion in arrest of judgment in his favor, offer to cure such defect by taking advantage of Code, section 3760, providing that defective pleadings may be amended on motion in arrest of judgment, cannot be relieved from the consequences of his neglect, on appeal.

INSTRUCTIONS: *How made part of record.* Under Code, section 3707, providing that all instructions requested or given shall be filed by the clerk and be a part of the record, instructions which were handed to the judge, marked on the margin "Refused. Defendant excepts,"—with the judge's signature, and were filed with the clerk of the district court the day the verdict was returned, became a part of the record; and the contention that they could not be considered by the appellate court because they were not embodied in the bill of exceptions was without merit.

*Appeal from Poweshiek District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, JANUARY 24, 1902.

ACTION against defendant, who is a physician, for malpractice. Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.—*Reversed.*

*W. C. Rayburn* and *S. R. Clute* for appellant.

*Haines & Lyman* for appellee.

DEEMER, J.—In July of the year 1898, plaintiff received an accidental injury to his left forearm, wrist, and hand. He called defendant, who is a physician and surgeon residing in the city of Grinnell, to treat the injured member; and, pursuant to his request, defendant did treat it for the space of about three months, when he was discharged

by plaintiff. February 14, 1900, plaintiff commenced this action, wherein he claims that defendant was negligent in the treatment of the case, in that the splints were not of proper length, the padding was not sufficient, and was improperly applied, and that the bandages did not extend far enough up the forearm, and were too tightly wound, thereby stopping the circulation of the blood, causing it to settle in the palm of the hand, and to gather and coagulate under the splints; that, by reason of this negligence of defendant plaintiff lost the use of his shoulder, elbow, and hand; and that the condition is permanent. There is no allegation in the petition, of plaintiff's freedom from contributory negligence, and for this reason defendant filed a demurrer to the petition. This demurrer was overruled, and defendant thereupon answered; pleading, among other things, plaintiff's contributory negligence. By answering after the ruling on the demurrer, defendant waived the error, but the ruling did not constitute an adjudication. Code, section 3564; *Frum v. Keeney,* 109 Iowa, 393. The defendant had the right to raise the same question by motion in arrest of judgment. *Frum v. Keeney, supra.*

This he did in the case at bar, and the court overruled his motion. This ruling is assigned as error.

We think it well settled that, in actions of this kind, plaintiff must negative contributory negligence. *Baird v. Morford,* 29 Iowa, 531; *Swanson v. French,* 92 Iowa, 695; *Hibbard v. Thompson,* 109 Mass. 286; *Rabe v. Sommerbeck,* 94 Iowa, 656. There are many and respectable authorities to the contrary, but we seem irrevocably committed to the doctrine, and have generally applied it in all cases where a party seeks to recover for the negligent or unskillful acts of another. The only exception we have recognized seems to be in cases where the owner of stock in seeking to recover for the unskillful acts of a veterinary surgeon. That exception did not meet with the approval of the writer of this opinion, and he does not now wish to be bound by the rules

announced in that case. As plaintiff failed to plead that he was not guilty of contributory negligence, his petition did not state a cause of action, and defendant's motion in arrest should have been sustained. Code, sections 3563, 3758. Plaintiff did not offer to cure the defect by amendment, as he might have done under section 3760. And as he did not do so, he cannot be relieved from the consequence of his neglect on appeal. *Sloan v. Rebman,* 66 Iowa, 81. It is claimed, however, that this action does not sound in tort, but is for breach of contract. We hardly think counsel are serious in this contention. A bare reading of the petition shows that, it is an action for negligence, in which the relation of the parties is material only as fixing the degree of care required. Further, it is argued that the ruling was without prejudice, for the reason that the court submitted the issue to the jury, and instructed that the burden was on plaintiff to show freedom from contributory negligence. Had the plaintiff taken advantage of section 3760, there would be no doubt of the correctness of this position. But as he did not, we are not prepared to hold that the statutes we have quoted may be annulled by reason of the fact that no prejudice resulted. Nor are we disposed to hold that no prejudice resulted in the instant case. Defendant was compelled to first introduce his evidence regarding contributory negligence, and, of necessity, was limited to such acts and conduct of the plaintiff as came to his knowledge. Under this order of procedure, all that plaintiff needed to do was to negative these particular facts. That done, his case was made out, without showing his freedom from negligence generally. The bill of exceptions recites that, under the issues, defendant was compelled to introduce his evidence of contributory negligence and that all that was required of plaintiff was to rebut this showing. Manifestly, this was to the disadvantage of the defendant, even though it be conceded the jury was properly instructed with reference to the matter. We do not place the holding on this ground

alone, but on defendant's statutory rights as well. There seems to be no statute in Kentucky similar to the one we have referred to; hence *Williams v. Nally*, (Ky.) 45 S. W. Rep. 874, is not in point. But if there is, we are not disposed to adopt the rule of that opinion.

II. Special interrogatories were submitted by defendant's counsel before the argument began, which the court refused to propound to the jury. They are similar to those submitted in *Beck v. German Klinik*, 78 Iowa, 696, and, in addition, we think they covered the omitted point referred to in that opinion. As these interrogatories called for ultimate facts inhering in, and necessary to be determined in reaching a verdict, we think they, or similar ones, should have been submitted. We might not feel disposed to reverse the case on this ground alone, and merely state our conclusion in order that the court may be properly advised on a retrial.

III. Defendant asked the following instruction: "The implied contract of the defendant when he assumed charge of the treatment of plaintiff's injuries was that he possessed and would employ in the treatment of the case such reasonable skill and diligence as were ordinarily exercised in his profession at and in localities similar to that in which he practiced, by the members as a body; that is, the average of the reasonable skill and diligence ordinarily exercised by the profession at the time and in places similar to Grinnell. Regard is to be had, in determining this ordinary skill and diligence, to the improvements and advanced state of the profession at the time the case was treated." That it announced the correct rule is conceded. But it is argued that a similar one was given by the trial court, and that no prejudice resulted. The one given was similar in terms to the one asked, except that it ignored locality. That place is material, see *Whitesell v. Hill*, 101 Iowa, 629. As the one given did not announce the correct

rule, prejudice is presumed; and there is no showing of of want of prejudice, as in *Whitesell v. Hill, supra.*

Appellee insists that, as the instructions asked and refused were not embodied in the bill of exceptions, they cannot be considered. They were handed to the judge, marked on the margin: "Refused. Defendant excepts. A. R. Dewey, Judge,"—and filed with the clerk of the district court the day the verdict was returned. They thus became a part of the record, and it was not necessary to include or refer to them in the bill of exceptions. Code, section 3707, and cases cited thereunder.

Some other matters are discussed, but, as they are not likely to arise on a retrial we do not consider them.

For the errors pointed out, the judgment is REVERSED.