**Josephine Krauss, Appellee, v. J. R. Ballinger et al., Appellants.**

**Gen. No. 17,074.**

1. WITNESSES—*experts.* A witness properly qualifies as an expert in the taking of X-ray pictures where she testifies that she is superintendent of the dispensary of a medical school, that part of her work consists in taking X-ray pictures, that she had had one year's experience, and that she had taken about five hundred pictures.

2. EVIDENCE—*X-ray pictures.* A *prima facie* showing sufficient to justify the admission of an X-ray picture in evidence is made when an expert testifies that she made the exposure, developed the

negative, and printed the picture therefrom and that the picture is a correct representation of the negative.

3. EVIDENCE—*when admission of X-ray picture not objectionable.* On action for alleged negligence in treating a fracture, an X-ray picture thereof is not objectionable on the ground that there is nothing to show that the condition shown by the photograph resulted from the treatment in question, where the plaintiff testifies that she had no other accident or trouble with the arm from the time of the treatment to the time of the taking of the picture.

4. EVIDENCE—*when questions to expert witness assuming that picture in evidence is correct not objectionable.* Questions to expert witnesses which assume that an X-ray picture properly in evidence is a correct representation of a fracture occasioned by a fall are not objectionable where there is no question but that the representation is of the fracture in question caused by the fall referred to.

5. CONTRIBUTORY NEGLIGENCE—*when defense of and assumed risk do not apply.* Where action is brought for negligence in treating a fracture the defenses of contributory negligence and assumed risk in failing to carry out the instructions of the surgeon do not arise, since liability might exist though the one injured did not in all respects carry out the orders given.

6. INSTRUCTIONS—*directing verdict.* An instruction is essentially directory where it states that if the jury believe from the evidence that the plaintiff made out her case as laid in the declaration a finding can be made for the plaintiff.

7. INSTRUCTIONS—*when,. will not reverse though directory.* Where action is brought for negligence in treating a fracture and chief reliance is placed on a charge that the bones were not properly set, an instruction which refers to the declaration and is essentially directory will not reverse because contributory negligence is not negatived.

8. VERDICTS—*when not excessive.* A verdict for $3,000 remitted to $2,250 and judgment therefor is not excessive where, because of negligent treatment of a fracture by physicians, plaintiff's arm was left in a bad condition which might or might not be relieved by a serious operation.

Appeal from the Superior Court of Cook county; the Hon. HOMER ABBOTT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed July 9, 1912. *Certiorari* denied by Supreme Court (making opinion final).

THOMAS G. MCELLIGOTT and GEORGE E. GORMAN, for appellants.

SAMUEL FRIEDLANDER, for appellee.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

In this case suit was brought by the appellee against the appellants, who are physicians and surgeons, for alleged negligence in their treatment of her for the fracture of an arm. The declaration consists of five counts, the first charging that the appellants were guilty of negligence generally in treating the appellee; the second, that they did not place the bones in the proper position; third, that they did not properly manipulate the wrist and right hand and fingers; fourth, that in setting the bones the appellants did not place the same in proper position; the last, charging the use of an improper splint. To this the appellants filed a plea of the general issue. There was a trial before the court and a jury, and a verdict of $3,000 was returned, upon which a judgment for $2,250 was entered, the appellee having entered a *remittitur* of $750, as required by the court on the refusal to grant a new trial.

The first point insisted upon as ground for reversal is that the court erred in not instructing the jury to find a verdict of not guilty at the close of the plaintiff's case; second, that the verdict is against the manifest weight of the evidence.

In our opinion the court did not err in refusing to direct a verdict at the close of the plaintiff's evidence. The evidence consisted largely of the testimony of medical experts. We have read the same with care, and are unable to say that the verdict of the jury is against the manifest weight of the evidence.

The third and fourth points have to do with what is charged to have been the improper admission of testimony over objection of the defendants, and the refusal to strike the same from the record upon motion made for that purpose. About two years after the treatment was given the arm by the appellants, an X-ray picture or sciagraph was made by Lulu M. Van Auken, who was a witness at the trial in behalf

of the appellee.  Her testimony was to the effect that she was superintendent of the dispensary connected with the Northwestern University Medical School; that part of her work consisted in taking X-ray pictures; that she had had one year's experience and had taken 500 or 600 X-ray pictures.  She further testified that she exposed the arm of appellee to X-ray, developed the negative and printed the picture from the negative herself; that the picture is a correct representation of the negative.  On cross-examination she testified that she was not a physician and that she had no means of knowing that the representation produced on the picture was a correct representation of the bones of the hand.  The negative and the picture printed from it were both offered in evidence.  It is insisted by appellants that they were improperly received, first, because they had not been properly identified; second, that there was nothing before the court to show that the photograph correctly represented the condition of appellee's arm; and third, that there was nothing before the court to show that the condition of appellee's arm as shown by the photograph was the result of treatment administered by appellants.  We think the objections not well founded.  Appellee testified that she had not had any other accident or trouble with her arm from the time she was treated by the appellants to the time the X-ray picture was taken by Miss Van Auken.  Miss Van Auken, we think, qualified herself as an expert in the taking of pictures of this sort, and her evidence made at least a *prima facie* showing sufficient to justify the court in admitting the picture in evidence.  (C. & J. Elec. Ry. Co. v. Spence, 213 Ill. 220; C. C. Ry. Co. v. Smith, 226 Ill. 178.)

A question propounded to two of the surgeons who testified as expert witnesses for the appellee is objected to because it contained the assumption that the picture was a correct representation of the fracture of the radius of the right arm which had been oc-

casioned by a fall sustained by the appellee on April 29, 1908. As the picture was properly in evidence, and as there is no question so far as the record discloses but that the representation was that of a fracture of the radius of the right arm of the appellee, occasioned by the fall referred to, we think that no error was committed by the trial court in overruling the objection.

Error is alleged by the appellants in the action of the court in giving to the jury at the request of appellee what are stated to be improper instructions. The instruction upon which most stress was laid in the argument is as follows: .

"If the jury believe from the evidence that the plaintiff has made out her case, as laid in her declaration, by a preponderance of the evidence, then the jury can find for the plaintiff."

It is claimed by the appellants, and we agree with the contention, that this is essentially a directory instruction. It refers the jury to the declaration, a proceeding which has often been deprecated by the Supreme Court of this state; but the giving of such an instruction has been countenanced, unless it can be said to be open to the criticism that it does not advise the jury of all the elements which should be taken into consideration by them in arriving at their verdict. Many cases have been cited by appellants wherein judgments have been reversed by the Supreme Court, in cases where contributory negligence on the part of the plaintiff was not negatived by the allegations of the declaration; and others in which the doctrine of assumed risk on the part of the plaintiff was one of the defenses interposed by the defendant.

In the case before us the charge relied upon chiefly by the appellee is that the appellants did not properly set the bones of the arm—that the parts of the bones were not set opposite, so that they would knit and in such a manner as to form a proper union.

It is asserted by the appellants that it was essential

to the appellee's right to recover that she show not only negligence of appellants, but also that she was herself free from negligence or fault in carrying out the instructions of the appellants. In our opinion, the questions of contributory negligence and assumed risk do not arise in this case. If the appellants did not set the arm properly, they might be liable even if the appellee did not in every particular carry out their instructions. The appellants might also be liable if their treatment of the arm subsequent to the setting was improper, although the appellee did not in all respects carry out their instructions. We do not think that the giving of the instruction complained of should cause a reversal of the case.

The jury by another instruction were informed that the appellee could not recover if she failed to observe certain rules or a certain line of conduct with regard to the use and position of her hand and arm, as a part of the treatment of the injury in question, provided such directions as were given to her by the surgeons were such as surgeons of ordinary skill would adopt or sanction, and provided her negligence or disobedience directly contributed to the injury. We think this instruction presented the matter to the jury in as favorable a way as the appellants were entitled to have it.

We have carefully considered the objections to other instructions given at the request of appellee, and also objections made to the action of the court in refusing to give certain instructions on behalf of the appellants, and are of the opinion that no error was committed by the court in these respects.

By nine instructions given at the request of appellee, and fourteen given at the request of the appellants, the jury were fully advised as to the rules of law which should govern them in reaching their verdict.

The last ground submitted by the appellants as cause for reversal is that the verdict and judgment are excessive and manifestly the result of passion and prejudice. It is argued by the appellants that passion

and prejudice are shown because the court required a *remittitur* of $750. We cannot agree with this contention. The evidence offered on behalf of the appellee would tend to show that the arm was left in a very bad condition, which might or might not be relieved by a serious operation. If this condition is chargeable to the acts of the appellants, as the jury found, the amount of the judgment cannot, in our opinion, be regarded as excessive.

The judgment must be affirmed.

*Affirmed.*