### Permellia Peters, Appellee, v. C. E. Howard, Appellant.

1. PHYSICIANS AND SURGEONS, § 18b*—*when special pleas in action for negligence are demurrable as amounting to general issue.* In an action against a physician for damages for negligently placing bottles filled with hot water upon plaintiff during childbirth without sufficiently protecting her body and limbs, special pleas that the hot water bottles mentioned in the declaration "were not the property of, nor in the possession or under the control" of defendant, and that the grievances complained of "were not committed by this defendant * * * nor by any one under the control or in the employ" of defendant, are demurrable as amounting to the general issue.

2. PHYSICIANS AND SURGEONS, § 20*—*when burden of proof is on plaintiff in action for negligence.* In an action against a physician for damages for negligence in placing hot water bottles on plaintiff's body during childbirth without protecting her body and limbs, the burden of proof of negligence is on plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. NEGLIGENCE, § 129*—*when special plea that defendant is not owner or operator of instrumentalities causing injury is unnecessary.* A person who is charged with the commission of a negligent act need not deny by a special plea that he was neither the owner nor operator of the instrumentalities by which a plaintiff had been injured, to require proof of such allegations of the declaration by the plaintiff.

4. PHYSICIANS AND SURGEONS, § 20a*—*what evidence is inadmissible under charge of negligence in placing hot water bottles on patient.* Evidence that a physician used a brass pin in opening a blister, caused by the use of a hot water bottle without adequate protection to the body of a woman at time of childbirth, is inadmissible in action for damages for malpractice, where the only negligence charged is in negligently placing hot water bottles on patient.

5. APPEAL AND ERROR, § 1480*—*when erroneous admission of evidence is prejudicial error.* The erroneous admission of evidence that a physician attending a woman at childbirth used a brass pin in opening a blister, caused by negligently placing hot water bottles on the patient without adequately protecting her body, is prejudicial error not curable by instructions of the court, where the only negligence charged was in negligently placing hot water bottles on the patient; and the purpose of the admission of the evidence was to inflame the minds of the jury.

6. WITNESSES, § 220*—*when cross-examination of expert medical witness should be allowed.* The defendant, in an action against a physician for negligence in placing hot water bottles on plaintiff during childbirth without adequately protecting her body, should be allowed to cross-examine a medical witness for plaintiff, who attended plaintiff after the injury and testified that on an examination he found plaintiff's kidneys affected and that absorption from burns affects the kidneys, as to what diseases might have affected the kidneys.

7. PHYSICIANS AND SURGEONS, § 21*—*when admission of evidence as to charges of physician is erroneous.* In an action against a physician for malpractice in negligently placing hot water bottles on plaintiff during childbirth without protecting her body, the admission of evidence that after the end of the treatment the husband of plaintiff met defendant and the latter said to the husband that he owed him a certain sum, is erroneous where it is not shown that this was for the treatment out of which the injuries arose, or that the charge was against plaintiff.

8. INSTRUCTIONS, § 128*—*when instruction directing verdict and*

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*referring to declaration is proper.* An instruction directing a verdict for the plaintiff, if the jury believe that he has proved his case by a preponderance of the evidence as laid in the declaration, can only be justified when the declaration contains a complete statement of the cause of action.

9. Physicians and surgeons, § 19a*—*what is gist of action against physician for malpractice.* The gist of the action against a physician for malpractice is negligence and not the violation of the contract of employment.

10. Physicians and surgeons, § 18b*—*necessity of allegation of freedom from contributory negligence in action for malpractice.* The plaintiff, in an action against a physician for malpractice, must allege in her declaration her freedom from contributory negligence.

11. Pleading, § 476*—*when defect in declaration is not cured by verdict.* The failure of the plaintiff, in an action for malpractice against a physician, to allege her freedom from contributory negligence is not cured by verdict, where an instruction directing a verdict and referring to the declaration is given that in effect informs the jury that it is not necessary for plaintiff to prove that she was in the exercise of ordinary care.

12. Physicians and surgeons, § 23*—*when error in instruction directing a verdict is harmless.* The failure, in an action against a physician for malpractice, to include in an instruction directing a verdict the necessary requirements of ordinary care on the part of the plaintiff is harmless where the proof clearly establishes freedom from contributory negligence on the part of the plaintiff.

13. Physicians and surgeons, § 23*—*when instruction referring to declaration is misleading.* In an action against a physician for malpractice in attending a woman at childbirth, an instruction that if the jury found the issues for plaintiff and that plaintiff had sustained injuries as charged in the declaration, then to enable the jury to estimate the amount of damages to plaintiff for injury to her person it was not necessary that any witness should have expressed any opinion as to the amount of such damages, but the jury themselves must make such estimate from the facts and circumstances in proof, *held* to be misleading in referring to the damages as charged in the declaration, which enumerated physicians' bills, nurse hire, medicines, and being hindered and prevented from transacting her business affairs, as well as pain and suffering and weakness of body and mind caused by the injury.

14. Physicians and surgeons, § 18*—*what evidence is basis for damages for liabilities incurred and injury to business of plaintiff*

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

*in malpractice case.* The damages for liabilities incurred and for injury to the business affairs of the plaintiff in a malpractice case must be based upon evidence of debts necessarily incurred and evidence showing the value of her time and business lost.

15. DAMAGES, § 191*—*how damages for pain and suffering and weakening of mind are to be estimated.* Damages for pain and suffering and the weakening of the mind of the plaintiff in a malpractice case are to be estimated by the jury in connection with their knowledge and experience in such matters.

Appeal from the Circuit Court of Fulton county; the Hon. HARRY M. WAGGONER, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded. Opinion filed July 14, 1917.

STEVENS, MILLER & ELLIOTT, for appellant; ROBERT J. FOLONIE, of counsel.

CLARENCE W. HEYL and HARRY C. HEYL, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

This is an action on the case begun by Permellia Peters against C. E. Howard, April 14, 1915, to recover damages for injuries averred to have been caused by the negligence of the defendant. The declaration consists of three counts. The first count avers that defendant was retained and employed as a physician for reward to attend and treat plaintiff in connection with her giving birth to an infant; that defendant as a part of his treatment, as a physician, carelessly and negligently placed about her body and limbs bottles filled with hot water without sufficiently protecting her body and limbs from the heat of said bottles and, as a result of such negligence on the part of defendant, the body and legs of plaintiff were severely burned and cooked, large areas of skin were then and there burned from her hips and calves of her legs and large ulcers were formed upon her body and legs, by means whereof

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

plaintiff suffered and will in the future suffer great and unnecessary pain, and she became disordered and weakened in body and mind and was prevented from transacting her ordinary business and became obligated to pay divers sums of money for physicians' bills, hospital bills, nurse hire and medicines, amounting to, to wit, $500, in endeavoring to be cured of her injuries, etc. The other counts aver the bottles were "filled with exceedingly hot water," otherwise they are substantially the same as the first.

The defendant filed a plea of the general issue and two special pleas. The second avers that the "hot water bottles and bottles containing hot water mentioned in the said declaration were not the property of, nor in the possession or under the control of this defendant." The third avers that "the several supposed grievances in the declaration mentioned were not committed by this defendant, as in said declaration alleged, nor by any one under the control or in the employ of this defendant," etc. The two special pleas conclude to the country.

The plaintiff filed a demurrer to the special pleas, stating as causes of demurrer, among others, that they amount to the general issue and that they conclude to the country. The court sustained the demurrer to these pleas and defendant abided by them. A trial was had before a jury which returned a verdict in favor of plaintiff for $1,250. The court overruled a motion for a new trial and rendered judgment on the verdict. The defendant appeals.

It is insisted that the court erred in sustaining the demurrer to the special pleas. The declaration avers that the defendant as a part of his treatment, as a physician, negligently placed about her body and limbs bottles filled with hot water without sufficiently protecting her body from the heat of said bottles. The averments of the second plea, that the hot water bottles

mentioned in the declaration "were not the property of, nor in the possession or under the control of this defendant," and of the third plea, that the grievances complained of "were not committed by this defendant * * * nor by any one under the control or in the employ of this defendant," are simply denials that the appellant performed the acts complained of as alleged and amount to the general issue. The burden of proof of negligence was on the appellee. All the evidence offered by appellant on the control, management and placing of the bottles filled with hot water was admitted and instructions asked by appellant on that question were given to the jury. The rule that a corporation must deny by a special plea that it was neither the owner nor operator of the instrumentalities by which a plaintiff has been injured, to require proof of such allegations of the declaration by the plaintiff, does not apply to a person who is charged with committing a negligent act. There was no error in sustaining the demurrer, and it is not necessary to discuss the other causes of special demurrer.

It is contended that the court admitted improper and prejudicial evidence offered by appellee over the objection of appellant. The question was asked of the husband of appellee as to what treatment appellant gave appellee for the burns after the injury. An objection to this evidence was overruled on the theory that appellant charged her for treating the burns. The answer to the question was that the appellant treated the sores and the witness was sent after medicines. This was followed by the question: "Were you present when any treatment was administered to any of those blisters and sores?" This was objected to as immaterial and not within the declaration. The objection was overruled. The answer was: "Yes sir, I was there once when the doctor wanted to pick one of the blisters with a safety pin." The answer was objected to and excluded. The witness then answered:

"Yes sir, I was there once." The question was then asked, what took place at that time? An objection to this question was overruled and the witness answered: "Why he unpinned her leg or took off the bandage and found a place he thought needed opening and he took the safety pin and was in the act of opening the place with the safety pin, and she says, 'hold on,'" "he must not do that with no safety pin; he wasn't going to pick that sore with no safety pin on her. 'Oh,' he says, 'that won't make any difference to that dead flesh.'" A motion to exclude this evidence was overruled. The appellee was permitted to testify to the same matter. It is contended that appellant used a safety pin in opening the blister. The declaration only alleges damages from negligently placing the hot water bottles. The sole purpose of this evidence was to inflame the minds of the jury against a physician by showing that he was so careless in his professional work, that he would use a brass pin just taken from a bandage about a wound to prick the flesh of appellee. The admission of this evidence was erroneous and very prejudicial. It could not be remedied by instructions and was a foundation for very improper, inflammatory and prejudicial argument.

A physician testified for appellee that he treated the injuries after June 9, 1913, and that in February, 1914, he found the kidneys of appellee affected, and that absorption from burns affects the kidneys. The appellant was not permitted to cross-examine the witness as to what diseases might have affected the kidneys. When the doctor in answer to appellant's question said that absorption from the burns might have caused the kidney trouble, he was testifying as an expert as to a probable or possible cause of her condition, and appellant should have been permitted to cross-examine concerning what causes resulted in such conditions.

Evidence was also admitted over objection that after the end of the treatment the husband of appellee met

appellant and appellant said to the husband that he owed him $56. It was not shown that this was for treatment out of which the injuries arose or that the charge was against appellee.

The first instruction given for the appellant is: "The court instructs the jury, that if you believe from a fair and candid consideration of all the evidence in the case that the plaintiff has proved her case by a preponderance of the evidence, in manner and form as charged in her declaration, or some one count thereof, then and in that state of the proof it is your duty to find the defendant guilty."

The rule is that an instruction directing a verdict for the plaintiff, if the jury believe that he has proved his case by a preponderance of the evidence as laid in his declaration, can only be justified when the declaration contains a complete statement of a cause of action. *Krieger v. Aurora E. & C. R. Co.*, 242 Ill. 544; *Illinois Cent. R. Co. v. Smith*, 208 Ill. 608; *Cromer v. Borders Coal Co.*, 246 Ill. 455; *Cantwell v. Harding*, 249 Ill. 358; *Illinois Terra Cotta Lumber Co. v. Hanley*, 214 Ill. 243. "The general rule often declared is that instructions must in a clear, concise and comprehensive manner inform the jury as to what material facts must be found to recover or defeat a recovery. (*Moshier v. Kitchell & Arnold*, 87 Ill. 18.) The rule adopted by nearly all courts is that the court must define the issues to the jury without referring them to the pleadings to ascertain what they are." *Krieger v. Aurora, E. & C. R. Co.*, supra; *Walters v. City of Ottawa*, 240 Ill. 259; *Mooney v. City of Chicago*, 239 Ill. 414. This is a suit in case to recover damages for injuries suffered because of the negligence of the appellant. There is no averment, in any count of the declaration, that the appellee, at the time she received the injury, was in the exercise of due care for her own safety. While the employment of appellant as a physician was a matter of

contract, the gist of the action is negligence. An action against a railroad company for a negligent injury to a passenger while under its charge is, though sounding in tort, really an action founded on and arising out of a contract. Yet in that class of actions proof that plaintiff was in the exercise of due care and free from contributory negligence is a prerequisite to a recovery. In the federal courts and in several States, contributory negligence is a defense to an action on the case to recover for personal injuries because of the negligence of the defendant, to be proved by the defendant; while on the contrary, in this State in all such actions, where the rule has not been modified by statutes, the plaintiff must aver and prove by a preponderance of the evidence that he was in the exercise of due care at the time the injury was received.

The argument of appellee made in reply to the foregoing contention is that because the defect in the declaration was not tested by a demurrer or motion in arrest of judgment, the verdict and judgment cure the defect. That proposition would be correct if the instruction had correctly informed the jury what facts were material and must be proved to entitle appellee to recover, but this instruction, in effect, informed the jury that it was not necessary for appellee to prove that she was in the exercise of ordinary care.

Appellant has argued very strenuously that on the facts as disclosed by the evidence he is not liable. The entire argument is however based on the claim that appellant did not place the bottles about appellee and that they were placed by Dr. Strode. Appellant testified that he suggested some physician be called to give the anæsthetic and that he tried to get Dr. Davis and Dr. Oren, but they were out; that he put the matter in charge of one of the women to locate a physician and get him as soon as possible and they were about to proceed with one of the women administering the anæs-

thetic when Dr. Strode was seen passing and called to come in, and appellant said, "all right, glad to have him." The evidence tends to show that the bottles were at the suggestion of appellant placed about appellee's person immediately after the delivery, just after a hypodermic injection had been given before she had revived from the anæsthetic, and while she was in a sinking, very weak and desperate condition. There is evidence tending to show appellant said, "Yes, she is burned through a mistake." No claim is made by appellant that appellee did not exercise ordinary care or that there was any contributory negligence on her part when the burns were inflicted.

The evidence discloses that she was not in a condition mentally or physically to exercise any control over herself, so that while the instruction was technically erroneous in omitting the necessary requirements of ordinary care on her part, the proof shows beyond a doubt that she was in the exercise of ordinary care of a person in her situation and that she was not guilty of any contributory negligence, so that the error was harmless. In *Krauss v. Ballinger,* 171 Ill. App. 534, a malpractice case, the declaration had the same fault as in the present case, a similar instruction was given and a judgment for plaintiff was affirmed and a certiorari was denied by the Supreme Court.

The third instruction given for appellee informed the jury that if it finds the issues for the plaintiff "and that the plaintiff has sustained damages as charged in the declaration, or some count thereof, then to enable the jury to estimate the amount of damages to the plaintiff for her injury to her person, if any has been shown, it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury themselves must make such estimate from the facts and circumstances in proof," etc. The instruction is misleading in referring to the dam-

ages as charged in the declaration, which enumerates physicians' bills, nurse hire, medicines, and being hindered and prevented from transacting her business affairs as well as pain and suffering and weakness of body and mind caused by the injury. The damages for liabilities incurred and damages to her business affairs must be based on evidence, of debts necessarily incurred and evidence showing the value of her time and business lost, while damages for pain and suffering and the weakening of her mind and body are to be estimated by the jury in connection with their knowledge and experience in such matters. It is also contended that under the rule announced in *Sims v. Parker,* 41 Ill. App. 284, and *Moline v. Christie,* 180 Ill. App. 334, affirmative testimony by a medical expert was necessary to show that the burns inflicted were the result of negligent treatment. Since the case must be reversed and remanded, we do not deem it necessary to express any opinion on this contention.

The judgment is reversed for the errors pointed out and the cause remanded.

*Reversed and remanded.*