## ROUTT v. READY.

(Court of Appeals of District of Columbia. Submitted February 6, 1920. Decided April 5, 1920.)

No. 3301.

Physicians and surgeons &⇒16—Parent's refusal to permit recommended operation relieved physician from liability.

Where a physician and surgeon recommended a proper operation for a disease of the bone of the leg, and, on the refusal of the mother and natural guardian of the patient to permit such operation, exercised ordinary skill in the treatment of the case in other particulars, the mother's refusal relieved him from liability for the course pursued.

Appeal from the Supreme Court of the District of Columbia.

Action by Randolph Routt, by E. Roy Routt, his next friend, against Michael J. Ready. From a judgment for defendant, plaintiff appeals. Affirmed.

G. W. Offutt, Jr., and C. V. Imlay, both of Washington, D. C., for appellant.

W. C. Clephane, J. W. Latimer, and Gilbert L. Hall, all of Washington, D. C., for appellee.

VAN ORSDEL, Associate Justice. Action in tort for damages against defendant, Michael J. Ready, a practicing physician and surgeon, for malpractice in the treatment of plaintiff, Randolph Routt, an infant. From a verdict and judgment in favor of defendant, plaintiff appeals.

The two counts of the declaration on which the case was tried charged defendant with failure to make proper diagnosis and with lack of skill, care, and attention in treating plaintiff's ailment. Plaintiff's ailment consisted of osteomyelitis of the bone of the leg. After a preliminary operation, defendant recommended a second operation, to which the mother of the child refused to give her consent. Defendant

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

continued to treat the child for several months, when another surgeon was consulted, who recommended an immediate operation, which was had, with successful results, except that plaintiff's leg is deformed, which slightly interferes with its use.

The only question of law which calls for consideration is whether the refusal of the mother to permit an operation relieves defendant from liability for the course pursued. We think it does, in the absence of any evidence showing lack of ordinary skill in the treatment of the case in other particulars. The mother was the parent and natural guardian of the child, and so long as she assumed the responsibility of disregarding defendant's advice as to the necessity of an operation, and he continued to treat the case with reasonable skill, he cannot be held liable for the results. In other words, where a physician in charge of a patient prescribes the proper treatment and points out the danger which may result from failure to pursue the course outlined, and the patient, or, as here, the mother of a child under treatment, refuses to be guided by his advice, the physician is exempt from legal responsibility. The propriety or impropriety of abandoning the case, and the question whether the conduct of defendant after recommending the second operation was such as would be expected from a physician of ordinary skill in this community, were submitted to the jury on the testimony adduced, and resolved in defendant's favor. No mistake was made in diagnosis, the proper operation was recommended, and from that time on the damage resulting from failure to operate lay with the mother, and not the defendant. Sanderson v. Holland, 39 Mo. App. 233; Potter v. Warner, 91 Pa. 362, 36 Am. Rep. 668; Littlejohn v. Arbogast, 95 Ill. App. 605.

Aside from this, the case turns entirely upon issues of fact, which were submitted to the jury without error and resolved against the plaintiff.

The judgment is affirmed, with costs.

Affirmed.