## Charles Wesley, Appellant, v. Arthur W. Allen, Appellee.

1. MEDICINE AND SURGERY—*contributory negligence of patient as defense to malpractice action.* If a patient is guilty of negligence which is an active and efficient contributing cause of the injury occasioned by the malpractice of his physician he is not entitled to recover damages.

2. MEDICINE AND SURGERY—*when contributory negligence of patient as mitigating damages recoverable for malpractice.* Negligence of a patient which is subsequent to and merely aggravates the injury inflicted by the malpractice of a physician affects only the amount of the damages recoverable by the patient.

3. LIMITATIONS OF ACTIONS—*when amended declaration states barred cause of action in malpractice action.* The declaration in an action against a physician for malpractice must aver freedom from contributory negligence on the part of plaintiff and when

it fails to do so an amended declaration embodying that averment states a different cause of action and, when not filed until after lapse of the period of limitation for such actions, recovery thereunder is barred by the statute.

4. PLEADING—*effect of admission of allegations of plea by demurrer.* Where pleas to the declaration in an action against a physician for malpractice expressly aver that payments made to the plaintiff under the Workmen's Compensation Act, Cahill's Ill. St. ch. 48, ¶ 201 *et seq.,* for the injury which was treated by defendant were and are being accepted by plaintiff "in full satisfaction of all injuries and damages complained of against this defendant herein," plaintiff's demurrer to such pleas admits that such is the fact and his action cannot be maintained.

Appeal by plaintiff from the Circuit Court of Crawford county; the Hon. J. C. KERN, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed February 9, 1925.

F. R. EAGLETON, BRADBURY & GAINES, ROBINSON, SHAW & HOFFMAN and W. A. CULLOP, for appellant.

LEFORGEE, BLACK & SAMUELS, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

Appellant sued appellee for malpractice. He charged negligence in general terms but failed to aver due care on his part or such a state of facts and circumstances from which due care could be reasonably inferred. A demurrer to the declaration was interposed and sustained. By leave of court appellant filed an amended declaration in which he averred that he received an injury whereby the flesh was crushed and torn from the first joint of the forefinger of his right hand; that appellee was employed and undertook to treat said injury; that the proper treatment therefor was to amputate a part of said finger and to treat and dress the same; that appellee negligently failed to amputate said finger or any part thereof; that he so negligently dressed and treated the same that it became infected; that by reason

thereof appellant suffered great pain and has lost, permanently, the use of his right hand and arm. Appellant also averred that he was at all times in the exercise of due care and caution and that the results aforesaid were not due to his fault or negligence. Appellee filed the general issue and three special pleas. The court overruled a demurrer to the special pleas and appellant elected to abide by his demurrer. Judgment was rendered in bar of the action and for costs.

One of the special pleas set up the two-year-statute of limitations. If the original declaration did not state a cause of action, or if it stated a different cause from that averred in the amended declaration, the court did not err in its ruling thereon. If a patient is guilty of negligence which is an active and efficient contributing cause of the injury occasioned by the malpractice of his physician he is not entitled to recover. In other words, contributory negligence simultaneous and co-operating with the fault of the physician and entering into creation of the cause of action and forming an element in the transaction which constitutes the cause of action will bar a recovery. 21 R. C. L. 402; *Sauers v. Smits*, 49 Wash. 557, 17 L. R. A. (N. S.) 1242, and note. For instance, if a surgeon is prevented from reducing a dislocation by the refusal of his patient to submit to an operation the surgeon cannot be held liable for damages resulting therefrom. *Littlejohn v. Arbogast*, 95 Ill. App. 605.

Where the negligence of the patient is subsequent to the malpractice and merely aggravates the injury inflicted by the physician it only affects the amount of the damages recoverable by the patient. Such negligence will simply prevent a recovery to the extent that the damages were thereby enhanced or increased. 21 R. C. L. 402. There was a conflict in the decisions of our Supreme Court on the question as to whether it was necessary for a plaintiff seeking to recover for

personal injuries resulting from negligence to aver and prove that he was in the exercise of due care. That question was set at rest in *Walters v. City of Ottawa,* 240 Ill. 259, where the court said: "A declaration in an action to recover for injuries received through negligence which does not aver due care on the part of the plaintiff when he was injured, and does not contain any averment in regard to his conduct or the circumstances surrounding him from which due care on his part may be reasonably inferred, does not state a cause of action, and, after the period of limitation fixed by the statute has elapsed, cannot be amended to state a cause of action not subject to the bar of the statute."

Tested by the rule the original declaration in the case at bar did not state a cause of action. So far as its averments are concerned appellant may have been guilty of negligence which was an active and efficient contributing cause of the injury due to the alleged malpractice. To state a cause of action it was necessary to aver that appellant was in the exercise of due care in that regard. It has been held that a plaintiff, in an action for malpractice, must allege in his declaration his freedom from negligence of that character. *Peters v. Howard,* 206 Ill. App. 610; *Decatur v. Simpson,* 115 Iowa 348, 88 N. W. 839; *Lower v. Franks,* 115 Ind. 334. One test in determining whether different counts are for the same or different causes of action is whether the same evidence would support a judgment upon either. *Carlin v. City of Chicago,* 262 Ill. 564. If it could be said that the original declaration stated a cause of action it would be one where proof of due care would not be necessary, while under the amended declaration there could be no recovery without such proof. The two declarations, therefore, stated different causes of action.

The other special pleas are to the effect that ap-

pellant received an injury while in the employ of the Ohio Oil Company; that he and his employer were subject to the provisions of the Workmen's Compensation Act [Cahill's Ill. St. ch. 48, ¶ 201 *et seq.*]; that he applied for compensation under said Act for the total and permanent loss and use of his index finger of his right hand, and the total and permanent loss and use of his right hand, arm and shoulder; that the Industrial Commission awarded him $2,856 therefor and said award is in full force and effect; that the Ohio Oil Company had paid him under said award the sum of $2,402.36 on February 29, 1924, and that the balance was payable in weekly payments and would be paid; that after appellant received his injury the Ohio Oil Company furnished him the medical services of appellee and had paid appellee therefor. The pleas further aver that on the hearing before the Industrial Commission appellant and certain physicians testified as to the nature and extent of his injury and the permanence thereof and that as a result of the said injury and the treatment thereof by appellee, appellant had suffered a complete, total and permanent loss of the use of his right arm and shoulder but that otherwise he was uninjured. It is also averred that the payments already made and being made by the Ohio Oil Company to the plaintiff were received and are being received and accepted by him in full satisfaction of all compensation, injuries and disabilities growing out of and as a result of his said accident, and in full satisfaction of all injuries and damages complained of against this defendant herein.

Appellant contends that a settlement with the employer in full under the Workmen's Compensation Act will not bar the employee of his action against a physician for malpractice which occurred in the treatment of his injury and before compensation was awarded. He relies upon *Viita v. Fleming*, 132 Minn.

128, L. R. A. 1916D 644; *Parkell v. Fitzporter,* 301
Mo. 217, 256 S. W. 239, 29 A. L. R. 1305; *Staehlin
v. Hochdoerfer,* 235 S. W. (Mo.) 1060. Appellee con-
tends that such a settlement is a bar to the action
and relies upon *Ross v. Erickson Const. Co.,* 89
Wash. 634, L. R. A. 1916F 319; *Spelman v. Pirie,* 233
Ill. App. 6.

The question suggested is interesting but its deter-
mination is not necessary to a decision in this case.

The pleas expressly aver that the payments made
and being made by the Ohio Oil Company to appel-
lant were and are being accepted by him "in full sat-
isfaction of all injuries and damages complained of
against this defendant herein." Appellant, by his
demurrer, admits that such is the fact. Assuming
the fact to be true, as we must, we know of no rule
of law that would permit him to maintain his action.

The court did not err in its rulings on the demurrer
and the judgment is affirmed.

*Affirmed.*