## Arnt Johnson, Plaintiff in Error, v. J. V. Fowler, Defendant in Error.

### Gen. No. 32,607.

Opinion filed October 3, 1928.

WEBSTER & HOLMGREN, for plaintiff in error; ELMER N. HOLMGREN, of counsel.

EDWARD W. RAWLINS, HENDRIK FOLONIE and HANS L. HOWARD, for defendant in error.

MR. JUSTICE WILSON delivered the opinion of the court.

Plaintiff, Arnt Johnson, filed his declaration charging the defendant, J. V. Fowler, a physician and surgeon with carelessly, negligently and unskilfully performing certain acts and operations upon the plaintiff,

as a result of which the plaintiff sustained unnecessary pain and his injuries were augmented and greatly increased.

The action is one for malpractice and, from the facts charged in the declaration, it appears that on April 10, 1921, the plaintiff retained the defendant as his physician and surgeon and continued under his care and received treatments therefor until the 13th day of June, 1922. The declaration in the cause was filed March 25, 1924, and to this declaration a demurrer was filed, which was sustained.

June 13, 1924, plaintiff filed an amended declaration to which a general and special demurrer was filed and again sustained. November 1, 1924, plaintiff filed his second amended declaration to which a general and special demurrer was filed and sustained. December 27, 1924, plaintiff filed his third amended declaration to which defendant filed pleas of the general issue and special pleas, setting up the statute of limitations. To these pleas plaintiff filed replications to which demurrers were interposed and sustained. Amended replications were then filed to these pleas and, on November 26, 1926, the demurrers of the defendant to these replications were again sustained and plaintiff elected to stand by his amended replication and judgment of *nil dicit* was then entered against the plaintiff and in favor of the defendant for defendant's costs. From this judgment plaintiff prayed an appeal to this court which was allowed but not perfected and the matter is now here on a writ of error.

Only one question appears to be involved and it is well stated in the brief filed herein by counsel for plaintiff in error, in which on page 11 appears the following statement:

"As stated above, the final declaration filed in this cause on to-wit, the 27th day of December, 1924, differs only from the declaration filed on June 13, 1924, in that the latter declaration negatives contributory negli-

gence of the plaintiff, while the earlier declaration did not, * * * ."

The Supreme Court of this State in the case of *Walters v. City of Ottawa,* 240 Ill. 259, in its opinion says:

"A declaration in an action to recover for injuries received through negligence which does not aver due care on the part of the plaintiff when he was injured, and does not contain any averment in regard to his conduct or the circumstances surrounding him from which due care on his part may be reasonably inferred, does not state a cause of action, * * * ."

The precise question involved in this case appears to have been passed upon in a malpractice case which was before the Appellate Court, fourth district, in a case entitled, *Wesley v. Allen,* 235 Ill. App. 322. From the facts in that case it appears that it was heard on a demurrer to a plea of the statute of limitations. The declaration charged negligence in general terms, but failed to aver due care on the part of the plaintiff or such facts and circumstances from which due care could be reasonably inferred. The court in its opinion said:

"Tested by the rule the original declaration in the case at bar did not state a cause of action. So far as its averments are concerned appellant may have been guilty of negligence which was an active and efficient contributing cause of the injury due to the alleged malpractice. To state a cause of action it was necessary to aver that appellant was in the exercise of due care in that regard. It has been held that a plaintiff, in an action for malpractice, must allege in his declaration his freedom from negligence of that character. *Peters v. Howard,* 206 Ill. App. 610; *Decatur v. Simpson,* 115 Iowa 348, 88 N. W. 839; *Lower v. Franks,* 115 Ind. 334. One test in determining whether different counts are for the same or different causes of action is

whether the same evidence would support a judgment upon either. *Carlin v. City of Chicago*, 262 Ill. 564.''

The demurrer was overruled.

It appears to be the rule in this State that an averment of due care on the part of the plaintiff is a necessary averment in a declaration where the question of negligence is involved and is an essential allegation, without which the declaration does not state a cause of action.

In view of the apparent recognition of this rule by the Supreme Court of this State, we are constrained to hold that the trial court did not err in sustaining the demurrer to the replication to the pleas filed in said cause.

Counsel for plaintiff in error, in their reply brief, seek to modify the statements contained in their original brief, by showing that in the original declaration there was an allegation of due care, but an examination of that declaration shows that the allegation was to the effect that the plaintiff exercised due care in the selection of the defendant, but does not allege due care on the part of the plaintiff during or after the time of the acts committed by the said defendant in his employment. This allegation was unnecessary and without effect. The due care required of the plaintiff was such care on his part as was to be exercised after the employment and at the time of and after the operation and treatment complained of on the part of the defendant.

For the reasons stated in this opinion the judgment of the superior court is affirmed.

*Affirmed.*

HOLDOM, P. J., and TAYLOR, J., concur.