# STATE OF IOWA;

## DES MOINES, DECEMBER TERM, A. D. 1870.

IN THE TWENTY-FIFTH YEAR OF THE STATE.

---

PRESENT : *

Hon. CHESTER C. COLE, Chief Justice.
"    JOSEPH M. BECK,
"    JAMES G. DAY,       } Judges.
"    WILLIAM E. MILLER,

---

## BAIRD v. MORFORD.

1. **Pleading : ADMISSIONS.** Parties will not be permitted to deny in or under one count of their pleadings what is affirmed in another. And the rule is not changed where one of the counts is by way of answer and defense to the matters averred in the petition, and the other sets up a cross demand.

2. **Negligence : EVIDENCE.** A party claiming to recover for the negligent or unskillful acts of another, must not only show the negligence of defendant, but also that no negligence of his own contributed to the result.

---

\* See note at the commencement of the volume.

*Appeal from Monroe Circuit Court.*

WEDNESDAY, OCTOBER 5.

THIS action was commenced before a justice of the peace. The pleadings are formal, and set out fully the cause of action, and defenses thereto. The petition claims recovery for services of plaintiff, as a physician and surgeon, averring his employment as such, " to set and adjust a fracture of the arm of said defendant, and to give him other medical attention and treatment," and that he performed such services, which were of the value of $90. The answer of defendant, after certain averments that need not be set out, states that defendant " called upon said plaintiff * * * to set, adjust, and properly care for and treat a fracture of the *humores* of the left arm, and dislocation of the shoulder joint of said arm, of this defendant, and other injuries and wounds upon the body of this defendant then being," and that plaintiff undertook to treat the said injuries skillfully, etc, ; that he did not skillfully treat defendant for said injuries, but that his treatment was unskillful and negligent ; that he did not skillfully set the fractured bone, and failed to reduce the dislocation of the joint, whereby defendant's arm is left wholly useless.

By way of a cross demand defendant sets up damage and loss sustained by him on account of the unskillful and negligent treatment of plaintiff as aforesaid. In setting up the cross demand it is averred that defendant sustained injuries, " among others, the total dislocation of his left shoulder joint," and did employ plaintiff, who undertook to treat him in a skillful manner, to reduce the dislocation and "to do whatever was needful to be done for the injuries so sustained ;" that plaintiff did not skillfully treat defendant, but did fail to set said dislocated joint, etc.,

whereby defendant sustained damage in the sum of $100. Plaintiff's replication denies the allegations of the answer, and avers that any damage sustained by defendant was caused by his wilful disobedience' of plaintiff's orders and directions, given in the treatment of the injuries. There was a verdict, and a judgment thereon, before the justice, for defendant, in the sum of $100. Upon appeal a verdict and judgment for a like sum was had in the circuit court. Plaintiff appeals.

*Stuart Brothers* for the appellant.

*Perry & Townsend* for the appellee.

BECK, J.—I. The issues presented by the pleadings appear simple and easily comprehended, and, in our opinion, afforded little occasion for confusion in presenting them to the jury and uncertainty in the result of the trial. The plaintiff claims for services as a surgeon and physician in reducing a fracture of defendant's arm, and other medical attention and treatment. The defendant admits the employment of plaintiff, but avers it to have been to treat a fracture of the arm and dislocation of the shoulder joint and other injuries, and claims he is not entitled to recover on account of negligence in not reducing the dislocation. As a cross demand defendant claims damages on account of such negligence of plaintiff. Now it is evident, that, under the pleadings, the issues presented are these: *First.* The existence of the dislocation. *Second.* Plaintiff's negligence in failing to reduce it, and negligence in reducing the fracture. Upon the pleadings there is no issue formed as to the existence of the fracture. It is averred by plaintiff and admitted by defendant. Collateral issues as to the employment of plaintiff, value of his services, and damages sustained by defendant, make no figure in the case and need not

1. PLEADING; admissions.

be noticed.    Now the dispute between the parties resolves itself into these simple questions:    Was defendant's shoulder joint dislocated ?    Was plaintiff negligent and unskillful in treating it and in treating the fracture ? The record discloses that in order to lead the jury to the consideration of these simple and main issues in the case, about thirty instructions were given them by the court (upon request of which party it does not appear), and they were required to return thirteen special findings in answer to eleven questions submitted to them on request of plaintiff, and two on request of defendant.    Sixteen instructions, asked by plaintiff, the court refused to give the jury. It is not surprising that after all this was done a certain degree of confusion and uncertainty is found in the record, and what was a very simple case is made to present divers points that otherwise would not have arisen. The omission of plaintiff to except to instructions given relieves the case of many questions made upon them in the assignment of errors.

Upon the trial of the cause, defendant, against the objection of plaintiff, was permitted to introduce evidence to prove that his arm was not fractured.    The admission of this evidence is the ground of the first objection of plaintiff, who insists that the evidence was inadmissible, because the fact that defendant's arm was fractured is admitted by the pleadings, and cannot be contradicted by the evidence.    The view of the court seems to have been, that, in the trial of the action upon the cross demand, the evidence was admissible, but was not competent upon the trial of plaintiff's claim, regarding the case as involving, in fact, two separate and distinct trials upon different evidence.    The court, in carrying out this view, instructed the jury to consider plaintiff's suit and defendant's cross demand separately, and that in the suit upon plaintiff's claim it is admitted) and must be taken as true, that

plaintiff's arm was fractured.    The court refused an instruction asked by plaintiff, to the effect that, as the fracture was admitted in the pleadings, it must be taken as true in the trial of the case, without the limitation in the instruction given upon this subject, to the effect that it should extend only to the trial of plaintiff's claim.

The view thus taken by the court cannot be sustained. The trial upon plaintiff's claim and defendant's cross demand was, in fact, but one trial.    The issues as to these separate demands of the parties were distinct and different, but they constituted the issues of one case, upon which there could be but one trial.    It is impossible to concede that one party could have been held to admit a given fact, when it applied to his adversary's claim, and yet deny it when applied to his own, and this, too, in the same trial and upon the same issue.    Parties in their pleadings and evidence must be held to a proper consistency, and not permitted to affirm and deny a fact in the same case.    We know of no rules of the law that will sanction the view and ruling of the court below.    It may further be observed, in order to show the incorrectness of the ruling of the court below, that a direct issue is formed upon the cross demand as to the plaintiff's negligence in reducing the fracture, thus involving its existence, which is not put in issue but admitted by defendant.    He certainly cannot be permitted to contradict this admission by evidence.

The effect of the ruling in question upon the case cannot be understood without a further statement of facts, which will exhibit a rather curious result.    It seems plaintiff claimed, that, as a physical fact, the fracture could not have been reduced if the shoulder joint was really dislocated.    He insisted, *arguendo*, that the arm was fractured, a fact admitted by the pleadings, and that the fracture was reduced, therefore there could have been

no dislocation. To meet this position, defendant denied the existence of the fracture, and the court permitted him to introduce evidence to prove there was none, thus contradicting the express admission of his pleadings. Without determining that plaintiff's argument was properly based on defendant's admission in the pleading, it is quite clear that defendant ought not to have been permitted to answer it by denying his own admission.

II. The plaintiff requested the court to instruct the jury, that, to enable defendant to recover upon his cross

**2. NEGLIGENCE : evidence.** demand, he was required to prove that plaintiff performed the services in an unskillful and negligent manner, whereby he suffered damage, and that no negligence of his own tended to increase or consummate the injury complained of. This instruction was refused, and an instruction given to the effect that the burden of proof rested upon plaintiff to show defendant's negligence, if the same was relied upon to defeat the cross demand. This was clearly erroneous. A party claiming to recover for the negligent or unskillful acts of another must show him to be in the wrong, and also prove, if an issue thereon is made, that no negligence of his own caused the injury. *Rush* v. *The City of Davenport*, 6 Iowa, 443 ; Sedge. on Meas. of Dam. marg. p. 468, and authorities cited.

Other objections were made to the ruling of the court below, based upon instruction given. To some of these instructions no exceptions seemed to have been taken, and objections thereto cannot be considered. As the judgment of the court below, for the errors above pointed out, must be reversed, further objections need not be noticed, though saved by proper exceptions.

Reversed.