W. H. GREGORY, Appellant, v. A. P. WOODWORTH.

**Pleading:** CONTRIBUTORY NEGLIGENCE. In an action under Code, 1485, making the owner of a vicious dog liable for damages done by the dog, the petition must aver that plaintiff was free from contributory negligence.

*Appeal from Floyd District Court.*—HON. J. C. SHER-WIN, Judge.

THURSDAY, JANUARY 17, 1895.

Action at law to recover damages by reason of a personal injury alleged to have been caused by defendant's dog. There was a demurrer to the petition, which was sustained. Plaintiff elected to stand upon his petition, and judgment was rendered against him for costs, and he appeals.—*Affirmed.*

*J. S. Root* for appellant.

*Ellis & Ellis* for appellee.

Rothrock, J.—The averments of the petition, which state the cause of action, are as follows: "The plaintiff states: That on the 4th day of June, 1892, that as he was proceeding along a public highway in Floyd county, Iowa, past the farm of defendant, on his way from his home, in Cedar township, Floyd county, Iowa, to Charles City, Iowa, on top of a load of wood, a dog, the property of defendant,—a dog which he harbored on his place,—was lying in the highway over which the team was passing, and as the team reached the said dog the said dog attacked the team and wagon, on which wagon the plaintiff was riding, by springing violently at the horses' heads, apparently intending to

bite them. That the horses avoided said attack by
throwing up their heads, and springing to the side of
the road. That the dog had a characteristic habit of
attacking teams in this manner. That the horses were
frightened thereat, and ran away. That the wagon
was overturned. Your plaintiff was thrown violently
to the ground, and the wood upon the wagon over-
turned upon him. That thereby his leg was broke
below the knee; his ankle dislocated. That three of
his ribs were broken, and his collar bone was broken,
and he received internal injuries. That he was con-
fined to his bed for over two months, and to the house
for over four months. That on account of, and arising
from, these injuries, plaintiff has since said June 4,
1892, daily suffered great pain and distress, both of
body and mind, and still continues to suffer there-
from."

One ground of the demurrer is as follows: "It is
not shown that said injury resulted from the acts of
said dog, and that plaintiff was without fault or negli-
gence, or that other causes than the acts of said dog
did not contribute to the injury." In other words, by
this ground of demurrer, the question was submitted
to the court whether it was necessary to aver in the
petition that the plaintiff was not guilty of negligence
which contributed to the injury. The petition contains
no such averment. It is an affirmative fact, necessary
to be pleaded and proven. The right of action is based
upon the negligence of the defendant in owning and
keeping the dog which attacked the team, and caused
it to run away. The action is founded upon that part
of section 1485 of the Code which provides that the
owner of a dog "shall be liable to the party injured for
all damages done by his dog except when the party is
doing an unlawful act." This does not create an abso-
lute liability. The acts of the injured party may be

such as to contribute to the injury, by improper treatment of the dog, or other acts of negligence connected with the injury. See *Reynolds v. Hindman*, 32 Iowa, 146. It is a general rule, established by a long line of authority, that a party cannot recover for an injury resulting from the negligence of another, if, notwithstanding such negligence, he might have avoided it by the exercise of ordinary care on his part, or if he in any way contributed directly to the injury, and that the burden is on the plaintiff to show his freedom from negligence. Plaintiff, in his petition, must show a cause of action, and his pleading is not sufficient without the averment of his own care. There is no legal requirement that he should set out specific facts. It is sufficient that he plead the absence of contributory negligence in general terms. *Messenger v. Pate*, 42 Iowa, 443.

There are other grounds of demurrer discussed by counsel, which we need not determine. The ruling of the District Court can well be sustained upon the defect in the petition above considered. The judgment of the District Court is *affirmed*.