## CARL RABE v. ROBERT SOMMERBECK, Appellant.

**Negligence of Druggist:** CONTRIBUTORY NEGLIGENCE: ARREST OF JUDGMENT. One who sues because injurious medicine was negligently given him must plead and prove that he was free from contributory negligence and defendant may urge this in arrest of judgment.

PROXIMATE CAUSE: INSTRUCTIONS. There being evidence that plaintiff was ill when he obtained the medicine, it should have been charged, on request, that if the medicine was not the proximate cause of the illness complained of, or if plaintiff was ill, that it did not increase his illness, there was no liability, although instructions given permit a recovery, only, if the drug administered caused the injury.

OPINION EVIDENCE as to what drug was administered may rest on testimony as to the symptoms that followed the taking.

*Appeal from Linn District Court.*—HON. J. H. PRESTON, Judge.

TUESDAY, MAY 21, 1895.

The petition in substance, shows that the defendant is a pharmacist in the city of Cedar Rapids; that plaintiff, being in need of medicine, went to defendant's store, and asked for whisky and quinine; that the defendant either willfully or negligently, gave to plaintiff, instead of whisky and quinine, some dangerous or violent drug or medicine, which plaintiff believes to have been croton oil, which plaintiff took; and that it made him violently sick, and caused him to suffer intense and excruciating pain for many months, because of which he is permanently injured in his health, and has suffered great damage. The defendant admits his business as alleged, and that he prepared for plaintiff some medicine, which he took, but he denies that it was croton oil, or any violent or dangerous drug, and

also denies that plaintiff has been damaged because of the medicine so taken. The answer shows that plaintiff went to the store of defendant, and, without asking for any particular medicine, called for "something to relieve his pain," and that defendant consulted a physician, who prescribed what should be given, and that the defendant prepared the medicine as prescribed, and gave it to plaintiff, and that it was an ordinary, harmless remedy. It further appears from the answer that what he did was gratuitous, and as a matter of accommodation. The issues were tried to a jury, resulting in a verdict for the plaintiff, and from the judgment thereon the defendant appealed.— *Reversed.*

*J. M. Redmond* and *M. P. Smith* for appellant.

*D. E. Voris* for appellee.

Granger, J.—I. The court instructed the jury that there was no evidence of a willful act on the part of defendant, and hence the case was tried on the theory of damage resulting from negligence in giving the medicine. The petition contains no averment as to a want of negligence on the part of plaintiff, nor was there evidence directed to that question. After verdict the defendant moved in arrest of judgment, because of a want of such averment, and the court overruled the motion, and the ruling is assigned as error.

By Code, section 2650, it is provided that, "if the facts stated in the petition do not entitle the plaintiff to any relief whatever, advantage of it may be taken by motion in arrest of judgment, before judgment is entered." If the plaintiff must show a want of negligence, to authorize a recovery, then, under the averments of the petition, plaintiff was entitled to no relief,

for but the single act of negligence is pleaded as a basis
of recovery. It is not contended but that, in some
actions for personal injury on the ground of negli-
gence, the plaintiff must aver and prove a want of
negligence on his part contributing to the injury com-
plained of, but it is urged that the rule does not obtain
in a case like this. We think that it does. Even
though there may be exceptions to the rule, we are
clear that this is not one of them. Certainly the gen-
eral rule is that the plaintiff, in such a case, must show
himself free from negligence contributing to the injury.
Our Reports abound in cases wherein the rule is
applied, and where there is language recognizing it,
but they are generally railway or bridge cases, and
those wherein machinery is used, that caused the
injury, and no question is made as to that class of cases.
In *Baird v. Morford*, 29 Iowa, 531, the negligence com-
plained of was in reducing a dislocated shoulder joint,
and the rule of appellant's contention in this case was
in that case asked and refused in the district court,
and it instructed that the party defending against the
charge of negligence, if he relied on the negligence of
the other as a defense, must prove it. The ruling was
held to be erroneous, and it was said, "A party claim-
ing to recover for the negligent or unskillful acts of
another must show him to be in the wrong, and also
prove, if issue thereon is made, that no negligence of
his own caused the injury." That and the case at bar
are much alike, as to the application of the rule in
question. The opportunities for contributory negli-
gence in the two cases are much the same. At the par-
ticular time of treatment, in each case, there seems to
be but slight opportunity for such negligence, but still
there is some. In both cases, after the treatment,
there is a demand for reasonable care, and a want of
it may become contributory negligence. *Gwynn v.*

*Duffield,* 66 Iowa, 708, is a case where the plaintiff
applied for a particular drug, and the druggist negli-
gently permitted the person to take from a jar, and
swallow, belladonna. On the trial the court instructed
as to the burden of proof on the question of contribu-
tory negligence, and the opinion says that the instruc-
tion given might justify an inference that "the burden
was not on the plaintiff to show freedom from con-
tributory negligence," and the instruction was held
erroneous. If, in such a case, the rule was not appli-
cable,—that is, if the rule of such a case is that the
defendant must prove the negligence of plaintiff, in
order to avail himself of it,— then, in that case, where
the court was dealing with the question of burden of
proof only, it could not properly have held that the
burden was with the plaintiff. Speaking of the instruc-
tion in that case, it is said: "Now, to justify a verdict
against the plaintiff, it was not necessary, as the
instruction implied, that the jury should find affirma-
tively that the plaintiff was guilty of contributory neg-
ligence. They were bound to render such a verdict if
they simply failed to find that he was not thus guilty."
We think the authorities in this state are conclusive
of this question, and that the court erred in not sustain-
ing the motion to arrest the judgment.

II. The defendant asked the court to give the fol-
lowing instruction: "(2) If you find from the evidence
that croton oil was by defendant administered to
plaintiff in dangerous quantity, as is alleged, then you
will consider whether or not it was the proximate
cause of plaintiff's sickness and injury, as alleged; and
if you find that it was not the proximate cause thereof,
or if the plaintiff was sick at the time of administering
the croton oil, if any was administered, and the same

did not increase the sickness or pain, or the duration thereof, then you should find for the defendant." It was refused. It seems to us that some such instruction should have been given, in view of the evidence. It appears that the plaintiff was sick when he went for the medicine, and whether or not it was the drug administered that caused the sickness and suffering that followed was a very important fact in the case. It is true, the instructions given only permit a recovery if the drug administered caused the injury; yet there is nothing to call the minds of the jury to the importance of distinguishing between these two facts, either of which might have been the cause of the suffering and condition complained of. We might not reverse, alone, because of this assignment, and we notice it especially because of a new trial, if the petition shall be amended so as to present a cause of action. We may also say that the symptoms of the plaintiff after taking the drug are proper, in determining its character, and also that, with the proper foundation, expert evidence is competent for that purpose. If the facts having support in the evidence are stated hypothetically to the expert, it is proper for him to state the conclusion whether or not croton oil, or any drug which is a subject of inquiry, would produce such symptoms or results. The judgment is *reversed*.