GEORGE KLEINECK v. JOHN REIGER, Appellant.

**Pleading:** CONTRIBUTORY NEGLIGENCE. A petition charging defendant with negligence, in that, while knowing that a revolver was loaded and a self-cocker, he put his finger on the trigger and discharged it, thereby injuring the plaintiff, does not state a cause of action, where it contains no averment as to a want of contributory negligence on part of the plaintiff.

*Appeal from Linn District Court.*—HON. WILLIAM G. THOMPSON, Judge.

WEDNESDAY, JANUARY 25, 1899.

THE parties, with others, were at the house of plaintiff, visiting, and the plaintiff brought from another room a loaded self-cocking revolver for those present to look at, and while thus engaged, and while the revolver was in the hands of defendant, it was discharged, the ball lodging in the ankle of plaintiff, causing him injury, for which he brings this action, charging the defendant with negligence in that, while knowing it to be loaded, and a self-cocker, he put his finger on the trigger of the revolver and discharged it. The answer put in issue the averments of negligence, and on the trial there was

a verdict and judgment, from which the defendant appealed.
—*Reversed.*

*Jamison & Smyth* for appellant.

*Chas. W. Keller* for appellee.

GRANGER, J.—I.   The petition contained no averment
as to a want of contributory negligence by the plaintiff.   There
was a motion in arrest of judgment, on the ground, among
others, that the petition did not state a cause of action, there
being no allegation that the plaintiff was without negligence
on his part.   The court overruled the motion, and error is
assigned on the ruling.   It is conceded by appellee that the
rule obtains in some cases that a want of contributory negli-
gence must be averred and proved; but it is said this is not one
of them; that the averments in this case are more in the nature
of an unlawful assault.   The petition charges negligence, and
nothing more.   It says that the act was "carelessly, negli-
gently, and wrongfully" done, and such are the usual aver-
ments in actions for negligence.   In *Gregory v. Woodworth,*
93 Iowa, 246, we used this language: "It is a general rule,
established by a long line of authority, that a party cannot
recover for an injury resulting from the negligence of another,
if, notwithstanding such negligence, he might have avoided it
by the exercise of ordinary care on his part, or if he in any
way contributed to the injury; and the burden is on the plain-
tiff to show his freedom from negligence.   Plaintiff, in his
petition,   must show a cause of action, and his pleading is
not sufficient without an averment of his own case."   This is
followed in *Stubert v. Gannon,* 98 Iowa, 228.   Both of those
cases were action for injuries by dogs, and the liability is a
statutory one, which fact leads appellee to think they are not
applicable.   Their force is to make the general rule announced
in the *Gregory-Woodworth Case* apply to this case, rather
than otherwise, because the statute, in fixing the liability for
dogs, does not, in terms, make the fact of a want of contribu-

tory negligence an element of recovery, and the application of the rule to such cases is an extension, rather than an abridgment of it. We think the case of *Rabe v. Sommerbeck,* 94 Iowa, 656, is quite in point. In that case the plaintiff went to defendant as a pharmacist, and asked for whisky and quinine, and by mistake he received some drug, thought to be croton oil, that made him sick. The petition contained no averment as to contributory negligence, and, after verdict, there was a motion in arrest of judgment, and we held that it should have been sustained. The statute then in force provides that: "If the facts stated by the petition do not entitle the plaintiff to any relief whatever, advantage may be taken by motion in arrest of judgment, before judgment is entered." Code 1873, section 2650. See, also, *Baird v. Morford,* 29 Iowa, 531. We hold this case to be within the general rule above stated, and that the petition did not state a cause of action. The motion in arrest of judgment should have been sustained.— REVERSED.