# JONAS LARSON v. RED RIVER TRANSPORTATION COMPANY.[1]

## July 15, 1910.

## Nos. 16,631—(167).

**Evidence showed license.**

Respondent was riding on a load of wheat sacks under an archway to the approach of a grain elevator, and was injured by being crowded between the arch and the load. *Held*, the evidence was sufficient to justify the conclusion that he was not a mere volunteer, but was acting in good faith, under a supposed invitation by the driver to ride to the elevator for the purpose of helping unload the wheat.

**Height of public entrance — safety.**

One who builds an approach to premises where the public is invited to enter is bound to use reasonable care to maintain the same at a reasonably safe height.

**Same — custom.**

The evidence is sufficient to justify the conclusion that the archway in question was maintained at a lower height than usual in approaches to grain elevators, and that appellant was guilty of negligence.

Action in the district court for Marshall county to recover $2,000 for personal injuries. The complaint alleged that plaintiff operated an elevator for the purpose of purchase and storage of grain; that at all times it invited and permitted farmers and the public generally to come upon its premises to bring grain or for the transaction of business; that it negligently maintained an arch over the driveway into its elevator so that it was not more than eight feet above the floor of said driveway; that in driving loads of grain on said driveway drivers and the other occupants of the wagons bringing loads customarily rode on the top of the loaded wagons, which ordinarily were so high as to come near the top of the archway and leave a wholly insufficient space for safe passage of the persons

[1] Reported in 127 N. W. 185.

riding on the wagons, all of which was well known to defendant; that plaintiff was requested by the son of his employer and the person in charge of the load to assist in unloading the same; that at the time it was dark, and plaintiff could not see and did not know the dangerous condition of the archway, and defendant neglected to give him timely warning, although one of its agents in charge of the elevator accompanied the said load and rode thereon with plaintiff on said driveway. The answer was a general denial. The case was tried before Grindeland, J., and a jury which returned a verdict in favor of plaintiff for the sum demanded. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*E. J. Grove* and *Brown & Extram,* for appellant.
*Julius Olson* and *Charles Loring,* for respondent.

LEWIS, J.

Respondent was injured by being struck by an archway while riding on a load of wheat sacks into appellant's elevator, and recovered a verdict. Appellant contends that it owed respondent no duty and is not responsible for his injuries. There is evidence tending to show that the archway was about eight feet high, and that a person riding in an ordinary double-box wagon, or wheat tank, would have to stoop somewhat in passing under the archway. The evidence does not clearly indicate how high this particular load was upon which respondent was riding; but the driver, and the elevator agent, who were riding in front, had to duck to avoid being hit. Respondent claimed that it was dark, and he did not see the arch, and when the men in front called out to him to duck, as they drove under it, he tried to do so, but was unable to get out of the way, and was caught between the archway and the sacks of wheat.

The main question before us is whether the evidence is sufficient to sustain respondent's claim that he was on the wagon with the permission of Woods, the driver, for the purpose of assisting in unloading at the elevator. The evidence is very meager and not at all satisfactory; but on the whole we are inclined to the view that the jury were entitled to draw the conclusion that respondent was acting

in good faith, upon an implied invitation of Woods to ride to the elevator for the purpose of helping to unload the wheat, and then ride back. He had been working on the Woods farm for a couple of days, and although he was not given express directions to go with Woods to help unload the wheat at the elevator, he states that he got upon the load and rode to the elevator for that purpose, and, considering his relation to Woods as a hired man, it does not clearly appear that he was a mere volunteer or intruder.

Under the rule in Corrigan v. Elsinger, 81 Minn. 42, 83 N. W. 492, Carleton v. Franconia, 99 Mass. 216, and Nave v. Flack, 90 Ind. 205, 46 Am. Rep. 205, appellant was responsible for the failure to keep the premises in such reasonable condition that a man of ordinary prudence, having cause to use the same, should not be injured. One who invites others to deal with him, and provides a place where persons may deliver articles, is bound to use reasonable care to make and keep the approach to such place in a reasonably safe condition. Shearman & Redfield, Negligence, § 499a. There was evidence tending to show that the arch was lower than those in common use at elevators. This place was open for the receipt of grain during the evening, while dark.

The question of contributory negligence was for the jury, the verdict was not excessive, and the many assignments of error do not call for special mention.

Affirmed.