## Burgauer v. McClellan, et al.

(Decided October 14, 1924.)

### Appeal from McCracken Circuit Court.

1. Trial—Requested Instruction Substantially Covered by Given Instruction Properly Refused.—Court did not err in refusing requested instruction as to measure of damages covered in substance by given instruction.

2. Trial—Requested Instruction as to Duty of Innkeeper to Provide Safe Passageway Held Covered by Given Instruction.—Requested instruction as to duty of innkeeper to provide safe passageway for guests to their rooms held substantially covered by given instruction.

3. Innkeepers—Ordinary Care Required in Keeping Passageways Reasonably Lighted and Unobstructed.—It is duty of innkeeper to exercise ordinary care to have and keep hallways and passageways of hotel reasonably well lighted and free from obstructions so that guests may pass in safety, but he is not insurer of safety.

4. New Trial—New Trial Properly Denied when Evidence Conflicting and Questions Properly Submitted.—Where evidence as to negligence of innkeeper and contributory negligence of guest falling over rolled up linoleum in hallway was conflicting, and such questions were properly submitted to jury, which found against plaintiff, it was not error to deny a new trial.

5. Action—Pleading—Averments as to Unjust Board Bill Held Prop-
erly Stricken from Petition in Action Against Innkeeper for Per-
sonal Injury to Guest.—In action for personal injury to guest in
hotel, court did not err in striking from plaintiff's petition aver-
ment concerning excessive board bill at hotel after her injury; it
being matter not directly connected with injury.

C. C. GRASSHAM, L. B. ALEXANDER and REED & BURNS for
appellant.

WHEELER & HUGHES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Appellee McClellan was lessee of the Palmer Hotel
in Paducah and was operating it for the benefit of the
trade in December, 1921, at a time when appellant Mrs.
R. Burgauer alleges she was injured by a fall on the
second floor hall of the building while on her way to the
room which she was occupying as a guest of the hotel and
from which fall, she avers, she suffered great pain and
injury and for which she seeks in this action to recover
damages. The Palmer Hotel was also made a party de-
fendant below but was later dismissed. Of this action
there is no complaint. A trial upon the merits as between
Mrs. Burgauer and the lessee McClellan resulted in a
verdict for defendant McClellan and she appeals.

With respect to her injury and how it came about
appellant alleged in her petition that "while walking
along the hallway or corridor of the Palmer Hotel men-
tioned, on the second floor thereof, where her room was
and where she had a right to be in the daytime on Decem-
ber 1st, 1921, she was without fault on her part thrown
suddenly and violently to the floor by reason and because
of the wrongful, careless and negligent acts of the de-
fendants, their agents, servants and employes who had
removed the linoleum and carpeting from the bathrooms
and hallways or corridors of said hotel, and rolled and
placed and left same or some of it in said hallway and at
a place where the guests thereof, including plaintiff, were
required and had a right to be in passing and using said
hallway; and further by causing and permitting said
hallway and corridor, at said point where the linoleum
or carpeting was, to be and remain dark, and where it
and other obstructions were left, by said wrongful, neg-
ligent and careless acts on the part of the defendants
and each of them, and that of their employes. Plaintiff

was unable to and did not know that the linoleum or corpeting was there, or see same, and by exercising ordinary care could not and did not discover same, and all of said acts were the direct and proximate cause of her stumbling and falling, and she was then and thereby thrown upon her right hand and arm against the floor of the hallway, and her hand, arm and shoulder were wrenched and twisted, and the bones of her arm were fractured and broken, and her entire nervous system was shocked and disordered, producing neuritis, and the general shock and injury to her had caused severe internal injury to her body, from all of which she then and there and has since said time and now suffers great physical and mental pain and anguish and by and because of all of which she was and is permanently injured to her damage in the sum of $7,500.00.'' In addition to the foregoing averments she alleges loss of time from her business to her damage in the sum of $2,000.00. In a third paragraph she averred she had expended and contracted to expend named sums for nurse hire, doctor's bills and medicine, board bill, etc., amounting to $1,640.16. Of this amount $542.50 was claimed by the hotel against her for board and room after her injury and which she averred is without foundation for the reason that the hotel company agreed to keep her after her injury until she recovered, without charge.

In addition to a traverse of the material averments of the petition the appellee McClellan pleaded contributory negligence. At the conclusion of the evidence appellee McCllelan moved for a directed verdict in his favor, but this motion was overruled. The appellant then offered two instructions, which the court rejected, and of this she now complains. The first instruction, No. 100, is in substance as follows:

"The plaintiff was a guest of the defendant, Palmer Hotel, operated by W. H. McClellan, and it was the duty of the defendant, McClellan, to provide the plaintiff as guest thereof with a passage or hallway for travel to and from her room thereat, properly lighted and free from obstructions; and if you believe from the evidence that the defendant failed to provide a passway free from obstructions, or one not properly lighted, and by reason of such failure and as a direct and proximate result thereof the

plaintiff without fault on her part stumbled and was caused to fall and was injured thereby, the law is for the plaintiff, Mrs. Burgauer."

The other instruction offered by appellant, No. 200, was one upon the measure of damages and is rather lengthy, and need not be copied here, for we are of opinion that the one given by the court is in substance the same as that offered by appellant upon that subject.

Although the court refused instruction No. 100, which we have given in substance, it gave an instruction in substance the same.

"The court instructs the jury that it was the duty of the defendant, W. H. McClellan, in the operation of the Palmer Hotel, to use ordinary care to provide plaintiff, as a guest thereof, with a passage or hallway, for travel to and from her room, properly lighted and free of obstructions, and if you shall believe from the evidence in this case that the defendant failed to do either of these things, and by reason of such failure and as the direct and proximate result thereof, the plaintiff fell and received the injuries complained of, then the law is for the plaintiff and you will so find; but unless you so believe you will find for the defendant."

It appears to us that the court gave to the jury the law of the case in a very succinct and direct way, clear and free from confusion. It is the duty of an innkeeper, as was McClellan, to exercise ordinary care to have and keep the hallways and pasageways of his hotel reasonably well lighted and free of obstructions so that guests may pass to and from their rooms and other places about the hotel in safety. The keeper of such a place, however, is not an insurer of the safety of his guests, his responsibility being limited to the exercise of reasonable care. 14 R. C. L., p. 509; Hayward v. Merrill, 34 Am. Rep. 229; Lyttle v. Denny, 128 A. S. R. 814; Weeks v. McNulty, 43 L. R. A. 185; McCracken v. Meyers, 16 L. R. A. (N. S.) 290, and notes; Ritter v. Norman, 43 L. R. A. (N. S.) 657, and notes.

The evidence for appellant, Mrs. Burgauer, tended to show that rolls of linoleum and carpeting were placed in the hallway of the hotel by the servants of appellee, McClellan, and that in passing to her room she stumbled and fell over the same because the hall was not sufficiently lighted and she could not see the obstruction.

On the other hand, the evidence for the hotel proprietor conduces to prove that the linoleum was plainly to be seen by appellant, Mrs. Burgauer, and others passing through the hall, and that her fall and injury were the result of her failure to exercise ordinary care for her own safety. These questions were properly submitted to the jury by the instructions we have copied, and another upon the subject of contributory negligence. The jury found against appellant upon the facts. As the issues were properly submitted to the jury by the instructions given, we conclude that the court did not err in overruling appellant's motion for a new trial and in entering the judgment from which this appeal is prosecuted.

Appellant also insists that the judgment is erroneous because the court on motion of appellee struck from her petition an averment concerning her board bill at the hotel after her injury and which she claims was not a just charge against her. It was not a matter directly connected with the injury or the action for damages, but merely incidental thereto. The questions involved could not properly have been litigated in this case for personal injury. The court did not, therefore, err in striking it from the petition. If appellee McClellan attempts to enforce his claim for board against the appellant she may then, by way of defense, present her side of the controversy concerning the hotel bill and obtain all the relief to which she may be entitled.

For the reasons indicated the judgment is affirmed.

Judgment affirmed.