CHAMPLIN REFINING CO. v. WALKER.

No. 11600.

Circuit Court of Appeals, Eighth Circuit.

July 31, 1940.

S. B. Wilson, of Mankato, Minn., and William Pascal Butler, of Mason City, Iowa, for appellant.

A. R. English, of Tracy, Minn. (Hall & Catlin, of Pipestone, Minn., on the brief), for appellee.

Before GARDNER and SANBORN, Circuit Judges, and COLLET, District Judge.

GARDNER, Circuit Judge.

Appellee, as plaintiff below, brought this action against appellant to recover damages for personal injuries alleged to have been sustained by him as the result of the negligence of appellant. The parties will be referred to as they were designated below. No issues arise on the pleadings. They are in conventional form. Defendant denied negligence and charged affirmatively that plaintiff was guilty of contributory negligence.

Defendant is an Iowa corporation, owning and operating a gasoline filling and service station at Heron Lake, Minnesota. Plaintiff is a resident of Heron Lake, Minnesota. It is the claim of plaintiff that he received the personal injuries for which he seeks damages, while on the premises of the defendant as an invitee, due to the alleged negligence of defendant in placing a city fire truck inside the grease room at its station, on which truck there were several ladders, one of which extended out of the door of the grease room, and against the end of which ladder plaintiff struck his head, resulting in serious injury to and the final loss of his right eye.

At the close of all the evidence defendant moved for a directed verdict, which was denied, and the cause was submitted to the jury upon instructions to

which neither of the parties has saved any exceptions. The jury returned a verdict in favor of the plaintiff, and from the judgment ·entered thereon defendant prosecutes this appeal. The sole issue involved is whether the court erred in denying defendant's motion for a directed verdict. The jurisdiction of the Federal court is dependent solely upon the diversity of citizenship of the parties. The question here presented must be determined by the law of Minnesota. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487; Hudson v. Moonier, 304 U.S. 397, 58· S.Ct. 954, 82 L.Ed. 1422.

In reviewing the ruling of the lower court on a motion for a directed verdict, the question presented is whether or not there was substantial evidence to sustain a verdict. In determining that question, we must accept as true the evidence favorable to the party against whom a directed verdict has been sought, and he is entitled to the benefit of all favorable inferences that may reasonably be drawn therefrom. If the evidence so considered was such that reasonable men might reach different conclusions, then the case was one for the jury. Illinois Power & Light Corp. v. Hurley, 8 Cir., 49 F.2d 681; Chicago, B. & Q. R. Co. v. Kelley, 8 Cir., 74 F.2d 80; Noble v. United States, 8 Cir., 98 F.2d 441; McIlvaine v. Delaney, 190 Minn. 401, 252 N.W. 234.

The jury might have found from the evidence substantially the following facts: Plaintiff, on November 3, 1936, at about one o'clock p. m., left his automobile at defendant's filling station at Heron Lake, Minnesota, for the purpose of having it serviced, which included filling its tank with gasoline, inflating the tires, and oiling and greasing the bearings. He left the car on the driveway in front of defendant's station. During the afternoon, C. L. Lokker, in charge of the station as agent for defendant, placed in the grease room at the station the village fire truck. This truck has several fire ladders fastened to it, one of which was longer than the body of the truck and protruded some three feet out through the door, although the ·body of the truck was inside the building. The portion of the ladder extending beyond the door was about five and one-half feet above the floor of the driveway leading into the grease room. After plaintiff's automobile had been serviced by defendant,

it was placed on the driveway leading into the station, with the front end immediately back of the fire truck and under the protruding ladder. At about 4:15 o'clock in the afternoon plaintiff returned to the station to get his car. He first entered the office and looking through the side window observed Mr. Lokker just outside, and he also saw his car. He went out the side door of the office and inquired of Mr. Lokker whether his car was ready. Being advised that it was, he started to walk along the right hand side of the car and around its front end to see if the tires were inflated. As he stepped up from the level of the station driveway onto the cement driveway in front of his car, he struck his head on the end of the protruding ladder, injuring his right eye. He did not see the end of the ladder protruding from the truck until after he had collided with it. He had to watch his step while passing a standpipe at the corner of the building as he stepped from the graveled walk or surface up onto the cement driveway, which is about four to six inches above the surface of the walk. He was almost knocked down from the force of the impact.

It is the contention of defendant that there was no substantial evidence of actionable negligence. There is no serious conflict between the contentions of the respective parties as to the applicable law. This is emphasized by the fact that neither of the parties saved any exceptions to the instructions of the court.

Plaintiff was on the premises of defendant as an invitee and as such it owed him the duty of exercising ordinary care for his safety. It was not an insurer of the safety of plaintiff while on its premises, but was liable only for injury resulting from a breach of its duty of exercising ordinary care. The court in effect so instructed the jury.

Ordinarily an issue of negligence is a question for the jury unless under the evidence all reasonable minds must reach the same conclusion, when it becomes a question of law to be determined by the court. May Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830.

In the case of Larson v. Red River Transportation Co., 111 Minn. 427, 127 N.W. 185, plaintiff was injured by being struck by an archway while riding on a load of wheat into defendant's elevator. There were facts in that case which,· it is

true, tended to refute the claim that plaintiff was guilty of contributory negligence, but we are now considering the question of whether the jury might, under the evidence, have found the defendant guilty of actionable negligence. In the Larson case the Supreme Court of Minnesota in sustaining a judgment for plaintiff, among other things, said: "Under the rule in Corrigan v. Elsinger, 81 Minn. 42, 83 N.W. 492, Carleton v. Franconia Iron Co., 99 Mass. 216, and Nave v. Flack, 90 Ind. 205, 46 Am.Rep. 205, appellant was responsible for the failure to keep the premises in such reasonable condition that a man of ordinary prudence, having cause to use the same, should not be injured. One who invites others to deal with him, and provides a place where persons may deliver articles, is bound to use reasonable care to make and keep the approach to such place in a reasonably safe condition."

In that case the obstacle against which plaintiff struck his head was a part of the permanent structure, while in the instant case the obstacle was placed, without plaintiff's previous knowledge, in the position where he struck his head upon it. The arrangement was apparently only temporary and no warning was given to plaintiff and he had no previous notice or knowledge of the obstruction. Whether he should have observed it, is a matter to be considered in connection with the contention that he was guilty of contributory negligence.

In Ober v. The Golden Rule, 146 Minn. 347, 178 N.W. 586, plaintiff, as a customer, entered the store of defendant to examine certain goods there displayed for sale. The goods were displayed for examination by placing them on tables arranged in two parallel rows. The space between the rows was about two feet in width. In examining goods, customers could walk on either side of the tables. In the space between the tables there were three display racks or frames, constructed to represent windows with curtains hung in place. Plaintiff, in looking at goods on one of the end tables, passed into the space between the two rows. When she reached the end of the table and was in the act of moving on to the next one in the same row, she tripped upon the foot of one of the frames and was injured. She testified that a drape of some sort concealed the base of the frame, but admitted that she neither saw it nor looked at the floor as she moved along. The defense, as here, was that defendant was not negligent, and also that plaintiff was guilty of contributory negligence. In sustaining a judgment for the plaintiff, the court said:

"There is no dispute about the law of the case. A shopkeeper is under legal obligation to keep and maintain his premises in reasonably safe condition for use as to all whom he expressly or impliedly invites to enter the premises. * * * Within the rule laid down in these cases, the evidence made the question of defendant's negligence one for the determination of the jury. Plaintiff had the right to walk along the rows of tables to examine the goods defendant had placed upon them for the very purpose of catching the eye and attracting the attention of its customers. It could not reasonably expect that customers absorbed in the inspection of goods thus displayed would bestow the same degree of attention to their steps or to the floor as would properly be required at places where it would not be likely that they would have eyes only for a merchant's display of his wares. The bases of the display frames occupied part of the space in the passageway between the tables. The frames themselves could hardly be overlooked by a customer, no matter how intently she might be looking at the fabrics on display, but it does not follow that, seeing the frame before her, she would know or look to see how it was supported before she passed it as she pursued her inspection of the goods on the tables. For the same reasons the question of plaintiff's contributory negligence was for the jury."

Here it appears that plaintiff left his automobile at the service station for a general checking of the tires, gas, oil and radiator and to have a defrosting fan installed. He testified that on his return his car had been moved and was standing parallel with and on the south side of the filling station, with the front end extending up on the concrete driveway from the street to the grease room. There was another car standing at an angle behind his car. He walked around his automobile to check the tires, and in passing around to the front end of his car he was obliged to walk on the gravel in the driveway and to step up onto the cement driveway leading from the street to the grease room, on which the front end of his car rested. This was a step up of four to six inches. The ladder protruded directly above the

point on the concrete to which he stepped. In passing around the front end of the automobile he came close to the standpipe sticking up through the ground, and had to pass between the corner of the building and the car, which was a space of less than two feet. He came in contact with the end of the ladder in stepping up onto the concrete driveway. The other circumstances, namely, the examination of his car that had been serviced, and the focusing of his attention on a rise in the concrete over the gravel on which he had been walking, present facts which we think closely analogous to those in Ober v. The Golden Rule, supra. The service station operator placed plaintiff's automobile where it was when he was injured. It was he who also put the fire truck with its protruding ladder in the grease room after plaintiff had been on the premises earlier in the day. Plaintiff had been a customer of this station before, and no such condition or arrangement existed there before this occurrence. The building hid the body of the truck, but the ladder extending from the truck was five and one-half feet above the floor of the driveway leading to the grease room, which in turn was four to six inches higher than the level surface on which he had been walking when he stepped up onto the cement entrance to the grease room. The ladder was not a solid body immediately before plaintiff's eyes, but was suspended in the air.

On the question of contributory negligence, it may well be said that plaintiff could have seen the ladder had he looked directly at it, but it does not follow that in the exercise of ordinary care he was bound to observe this obstacle suspended in the air. He was on the premises rightfully. Their condition had been changed without his knowledge. He was inspecting the work that had been done upon his car by defendant, and in doing so he of necessity cast his eyes down toward the car and its various parts, and we can not say that his failure to raise his vision so as to see this suspended ladder so placed by defendant without his knowledge was negligence as a matter of law.

Defendant contends that the injury was not foreseeable, but this, we think, was a question of fact to be determined by the jury. The question as to whether it reasonably could or should have been anticipated that a person walking about as an invitee on these premises would strike this suspended or overhanging apparatus, was properly a jury question.

We conclude that the jury was justified in absolving plaintiff from the charge of contributory negligence. It could under the evidence reasonably have found that properly and normally plaintiff was looking at the automobile upon which he had requested service to be performed, and the elevation in the surface almost at the point of impact was in the nature of a diverting circumstance. The court could not, therefore, properly have held that plaintiff was guilty of contributory negligence as a matter of law.

We conclude that the court did not err in denying defendant's motion for a directed verdict, and the judgment appealed from is therefore affirmed.