## FORT DODGE HOTEL CO. OF FORT DODGE, IOWA, v. BARTELT.

### No. 11858.

Circuit Court of Appeals, Eighth Circuit.

April 23, 1941.

B. B. Burnquist, of Fort Dodge, Iowa (George H. Bradshaw, of Fort Dodge, Iowa, on the brief), for appellant.

Alan Loth, of Fort Dodge, Iowa, for appellee.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

Margaret E. Bartelt on April 30, 1938, while a guest at the Wahkonsa Hotel, operated by the Fort Dodge Hotel Company in Fort Dodge, Iowa, tripped over her luggage in a second floor hallway of the hotel, fell and was injured. Attributing her injuries to negligence of the Hotel Company, and asserting her freedom from contributory negligence, she brought this action for damages. The Hotel Company denied that it was negligent, and asserted that she was guilty of contributory negligence. The case was tried to a jury, which returned a verdict for the plaintiff; and from the resulting judgment the defendant has appealed, contending that it was entitled to a directed verdict and that the court erroneously instructed the jury that the burden of proving contributory negligence was upon the defendant.

The plaintiff was a large woman weighing more than two hundred pounds and approximately fifty-four years of age. She and her husband arrived at the Wahkonsa Hotel at about 5:30 o'clock in the afternoon of April 30, 1938. They were familiar with the hotel, having stayed there for a few days several times each year for some thirteen years. They had always before occupied room 230, which was to the left or south of the elevator on the second floor. Mr. Bartelt left his wife in their car outside and went into the hotel and registered. The clerk told him that room 230 had not been cleaned, and suggested that he and his wife take room 214 or room 208, which were also on the second floor. A bell boy went out to the car and carried in three small bags and a portfolio. He was followed by the plaintiff into the hotel. She was carrying her purse and a small, "round box" about twelve inches in diameter and four or five inches high. The plaintiff, together with the bell boy and her husband, took the elevator to the second floor. The entrance to the elevator on the second floor

was on the east side of a hallway running north and south. The bell boy left the elevator first, followed by. Mr. and· Mrs. Bartelt, turned to the right and proceeded north until he came t'o an inside intersecting hallway which ran east and west. This hallway was 92 feet long and 7 feet wide. Opening off the north wall of the hallway, and running from east to west, were rooms 216 to 202. The hallway was without natural light, but had artificial light furnished by two electric bulbs, one in about the middle of the hallway, and the other at the west end. The bell boy, upon reaching this hallway, turned to his left, proceeding west. He was followed by Mr. Bartelt, and the plaintiff brought up the rear. The boy stopped at room 214, put down the luggage against the north wall of the hallway to the left or to the west of the door of the room, unlocked the door, and turned on the lights in the room. The plaintiff and her husband entered the room, but did not like it, and the boy suggested that they look at room 208, which was the third room west of room 214. To reach this room, it was necessary for them to pass the spot where the luggage had been placed by the bell boy. The boy left room 214 first, but did not pick up the luggage in the hallway. He was followed by Mr. Bartelt, who went toward the center of the hallway to give his wife "the inside turn." The plaintiff stayed behind and turned out the lights in the room. When she emerged from room 214, the boy had reached room 208 and was unlocking, or was about to unlock, the door. Mr. Bartelt was then about 6 feet west of the plaintiff in the hallway. As she came from the door of room 214 and turned to her right to go to room 208, she tripped over the luggage and fell. She had not seen the luggage and had not noticed where the boy had deposited it. The hallway was dimly lighted. She had not looked at the floor. In the plaintiff's experience it had been the custom of bell boys at hotels to carry the luggage with them. At no time at a hotel had she concerned herself with her luggage after it was entrusted to a· bell boy, until a room had been selected and occupied. She was wearing bifocal glasses and had worn glasses since she was eight years old. She had just come from a lighted room into a dimly-lighted hallway. She could, however, see her husband and could see the bell boy at the door of room 208. She did not see the luggage or look for it or concern herself about it until she ,fell over it and was injured. It was her claim that the luggage was deposited at an improper place, where it was not readily observable, due to the inadequate lighting of the hallway and the blending of the luggage with the dark-colored carpet and the dark baseboard of the hallway.

At the close of the evidence, the defendant moved for a directed verdict upon the ground that the plaintiff had failed to show by substantial evidence that it was negligent; that she had failed to establish that she was free from contributory negligence; and that the evidence disclosed conclusively that she was guilty of contributory negligence. The motion was denied and the case submitted to the jury, which was instructed by the court that the burden of proving contributory negligence was upon the defendant. The defendant took exception to this instruction, and, after its motion for judgment notwithstanding the verdict had been denied, it took this appeal.

■■■ This cause of action arose in Iowa, and the case was tried in Iowa. The controlling substantive law is that of Iowa. The duty of an innkeeper under the law of that State—like the duty of any proprietor of a building to which the public is invited—is to use reasonable care to keep his premises safe for the use of his guests and patrons,[1] which, of course, includes keeping the halls and passageways free from hazards.[2] A violation of that

[1] Downing v. Merchants' Nat. Bank, 192 Iowa 1250, 184 N.W. 722, 20 A.L.R. 1138, 1147; Keeran v. Spurgeon Merc. Co., 194 Iowa 1240, 191 N.W. 99, 27 A. L.R. 579; Bell v. Daugherty, 199 Iowa 413, 200 N.W. 708, 37 A.L.R. 154; Nelson v. Woolworth & Co., 211 Iowa 592, 231 N.W. 665; Walker v. Roosevelt Hotel Co., 214 Iowa 1150, 241 N.W. 484; Van Heukelom v. Black Hawk Hotels Corp., 222 Iowa 1033, 270 N.W. 16; Gowing v. Henry Field Co., 225 Iowa 729, 281 N.W. 281; Riggs v. Pan-American Wall Paper & Paint Co., 225 Iowa 1051, 283 N.W. 250.

[2] Walker v. Roosevelt Hotel Co., 214 Iowa 1150, 241 N.W. 484; Downing v. Merchants' Nat. Bank, 192 Iowa 1250, 184 N.W. 722, 20 A.L.R. 1138, 1147; Sears, Roebuck & Co. v. Peterson, 8 Cir., 76 F.2d 243; Phillips Petroleum Co. v. Miller, 8 Cir., 84 F.2d 148; Green v. Elgin Hotel Co., Minn., 295 N.W. 905; Wine v. Newcomb, Endicott & Co., 203 Mich. 445, 169 N.W. 832; Adams v. Mohican Hotel, 124 Conn. 400, 200 A.

duty constitutes negligence. In a case such as this, the questions of negligence and contributory negligence are ordinarily questions of fact for the jury, and it is only when the evidence is such that all reasonable minds would reach the same conclusions that they become questions of law for the court.[3] We think the court below did not err in submitting the issue of the defendant's negligence to the jury. Taking into consideration all of the facts and circumstances in the aspect most favorable to the plaintiff, the jury might reasonably have believed that an innkeeper, in the exercise of due care, would not have left the luggage of a large woman, wearing glasses and carrying a purse and a hat box, in a not too well lighted hallway, where it would be underfoot if she followed the shortest path between the room which she had just looked at and another room which she had been invited to inspect.

The defendant contends that the plaintiff, under the evidence, was guilty of contributory negligence as a matter of law, and that the case is ruled by Walker v. Roosevelt Hotel Co., 214 Iowa 1150, 241 N.W. 484, which was a case where a roomer in a hotel fell over a laundry cart in a passageway. It appeared in that case that the cart and its attendant were inseparable, as the roomer knew. He saw the attendant, who was in close proximity to the cart, but testified that he did not see the cart. The roomer's only excuse for not seeing the cart was that he failed to look for it. There was no lack of light and the cart was in plain sight. The handle-bar which was used in pushing it was waist high. The cart itself was about four feet long, two feet wide, and six inches high. The Supreme Court of Iowa was of the opinion that, on the plaintiff's own testimony, he was clearly negligent. In the case at bar there was evidence of inadequacy of light; the plaintiff was large and was wearing glasses; she had just emerged from a lighted room into a darker hallway; the luggage over which she fell was against the wall and close to the door of the room, and her opportunity to observe it was limited. She was not bound to assume that the bell boy had not taken it with him or that he had left it in a place where she would come in contact with it if she followed the north wall of the hallway. There was no reason for her to anticipate that it would be any more dangerous to follow the route which she took than any other route leading to room 208. Ordinarily a guest or patron may rely upon the safety of passageways which he is invited to use.[4] While the jury might have found that the plaintiff failed to use due care and failed to employ her faculties to the extent that an ordinarily prudent person would have employed them under the same or similar circumstances,[5] we think the question of her contributory negligence was a question of fact for the jury.[6]

The plaintiff contends that this Court should refuse to consider the question of the propriety of the instruction of the court below relative to the burden of proof of contributory negligence, (1) because the defendant has not strictly complied with our Rules 14 and 24 requiring that the instruction complained of shall be quoted, and (2) because the exception taken to that portion of the charge was in-

336; Bloomer v. Snellenburg, 221 Pa. 25, 69 A. 1124, 21 L.R.A.,N.S., 464; Early v. Lowe, 119 W.Va. 690, 195 S.E. 852; Burgauer v. McClellan, 205 Ky. 51, 265 S.W. 439; Rudolph v. Elder, 105 Colo. 105, 95 P.2d 827.

[3] May Department Stores Co. v. Bell, 8 Cir., 61 F.2d 830, 840; Young v. Baldwin, 8 Cir., 84 F.2d 841, 843; Egan Chevrolet Co. v. Bruner, 8 Cir., 102 F.2d 373, 377, 122 A.L.R. 987; Walkup v. Bardsley, 8 Cir., 111 F.2d 789, 791; Champlin Refining Co. v. Walker, 8 Cir., 113 F.2d 844, 846; Gowing v. Henry Field Co., 225 Iowa 729, 281 N.W. 281; Riggs v. Pan-American Wall Paper & Paint Co., 225 Iowa 1051, 283 N.W. 250.

[4] Riggs v. Pan-American Wall Paper & Paint Co., 225 Iowa 1051, 283 N.W. 250; Johnson v. Ramberg, 49 Minn. 341, 51 N.W. 1043; Wine v. Newcomb, Endi-

cott & Co., 203 Mich. 445, 169 N.W. 832; Bloomer v. Snellenburg, 221 Pa. 25, 69 A. 1124, 21 L.R.A.,N.S., 464; Adams v. Mohican Hotel, 124 Conn. 400, 200 A. 336; Early v. Lowe, 119 W.Va. 690, 195 S.E. 852; Burgauer v. McClellan, 205 Ky. 51, 265 S.W. 439; Rudolph v. Elder, 105 Colo. 105, 95 P.2d 827.

[5] Walker v. Roosevelt Hotel Co., 214 Iowa 1150, 241 N.W. 484; Boles v. Hotel Maytag Co., 218 Iowa 306, 253 N.W. 515; Cumming v. Dosland, 227 Iowa 470, 288 N.W. 647; De Honey v. Harding, 8 Cir., 300 F. 696.

[6] Champlin Refining Co. v. Walker, 8 Cir., 113 F.2d 844; Phillips Petroleum Co. v. Miller, 8 Cir., 84 F.2d 148; Sears, Roebuck & Co. v. Peterson, 8 Cir., 76 F.2d 243; Riggs v. Pan-American Wall Paper & Paint Co., 225 Iowa 1051, 283 N.W. 250.

adequate. To refuse to consider this question because of the defendant's infraction of our rules would in this case amount to a pure penalty, since the failure to obey the rules has prejudiced neither the plaintiff nor this Court. The record in this case is only 40 pages in length. The charge of the court occupies four pages and is clear and concise. The point which the defendant raises is clearly defined and understood. In taking its exception to the instruction of the court, counsel for the defendant said: "The defendant excepts to the instruction and instructions wherein the Court invokes the federal rule as to burden of proof and fixes the burden of proof upon the defendant to prove the contributory negligence of the plaintiff. It is the contention of the defendant that the burden of proving the freedom from contributory negligence is upon the plaintiff, under the rule in Iowa, the action having arisen in Iowa and is governed by the substantive law of Iowa." This exception was clearly sufficient.

 Under the law of Iowa, the burden of proving her freedom from contributory negligence was upon the plaintiff.[7] The court below was of the opinion that Rule 8(c)[8] of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, required that the defendant plead and prove contributory negligence as an affirmative defense. There is logic in this position. Were it not for the rule first announced in Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L. Ed. 1188, 114 A.L.R. 1487, the logic would, no doubt, be unassailable. The Federal Rules of Civil Procedure were adopted by the Supreme Court December 20, 1937, and became effective September 16, 1938. Erie Railroad Co. v. Tompkins was decided April 25, 1938. Rule 8(c) must be construed in the light of that decision. It is to be noted that Rule 8(c) relates to pleading, and, while it clearly treats contributory negligence as an affirmative defense, it does not expressly deal with the question of the burden of proof. As Judge Magruder, in Sampson v. Channell, 1 Cir., 110 F.2d 754, 757, points out, "it is not inconsistent to require the defendant to plead contributory negligence if he wants to raise the issue, and yet to put the burden of proof on the plaintiff if the issue is raised," and Rule 8(c) contains no prescription as to burden of proof. Compare Cahill v. Illinois Central R. Co., 137 Iowa 577, 583, 115 N.W. 216, 218. The law of Iowa requires that in a case such as this the plaintiff plead and prove his freedom from contributory negligence. In that State a complaint, in such an action, which fails to allege freedom from contributory negligence, fails to state a cause of action, Rabe v. Sommerbeck, 94 Iowa 656, 63 N.W. 458; Kleineck v. Reiger, 107 Iowa 325, 78 N.W. 39; Decatur v. Simpson, 115 Iowa 348, 88 N.W. 839; and if the evidence fails to prove the plaintiff's freedom from such negligence, it will not support a verdict in his favor. Walker v. Roosevelt Hotel Co., 214 Iowa 1150, 241 N.W. 484, 485; Hedberg v. Lester, 222 Iowa 1025, 270 N. W. 447; Denny v. Augustine, 223 Iowa 1202, 275 N.W. 117; Spooner v. Wisecup, 227 Iowa 768, 288 N.W. 894. Freedom from contributory negligence is, therefore, under the law of Iowa an essential element of a cause of action to recover damages for personal injuries caused by negligence, Gregory v. Woodworth, 93 Iowa 246, 248, 61 N.W. 962, 963; and proof of that element is of the "very substance" of the plaintiff's case. Central Vermont Ry. Co. v. White, 238 U.S. 507, 512, 35 S.Ct. 865, 59 L.Ed. 1433, Ann.Cas.1916B, 252. The necessity for such proof arises out of no rule of Iowa practice or procedure, but from the obligation imposed upon every plaintiff to establish every fact essential to make out his cause of action. Id., 238 U.S. at page 512, 35 S.Ct. 865, 59 L.Ed. 1433, Ann.Cas.1916B, 252; Gregory v. Woodworth, supra, page 963 of 61 N.W. Regardless of what may be thought to be the implications of Rule 8(c) with respect to the burden of proof of contributory negligence as a matter of procedure, we are satisfied that the rule does not have the effect of casting upon a defendant the

---

[7] Walker v. Roosevelt Hotel Co., 214 Iowa 1150, 241 N.W. 484; Hedberg v. Lester, 222 Iowa 1025, 270 N.W. 447; Spooner v. Wisecup, 227 Iowa 768, 288 N.W. 894.

[8] "8 * * * (c) Affirmative Defenses. In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense. * * *"

burden of disproving the plaintiff's freedom from contributory negligence, where under the applicable state law that is an essential element of the plaintiff's cause of action which must be proved if he is to prevail.[9]

Our conclusion is that the court below erred in instructing the jury that the burden of proving contributory negligence was upon the defendant, and that it should have instructed in accordance with the law of Iowa upon that subject.

The plaintiff contends, however, that, even if the instruction of the court in this regard was erroneous, the evidence shows conclusively that the plaintiff was not negligent, and that the error was therefore harmless. We have already ruled that the question of contributory negligence was a question of fact for the jury.

The plaintiff further contends that it is apparent that the result would have been the same no matter what instruction relative to the burden of proof of contributory negligence had been given, since there was no substantial dispute in the evidence. But, even where evidence is undisputed, if different inferences may reasonably be drawn from it, it is for the jury to say what inferences shall be drawn, and they may be guided to their conclusion by the rule as to the burden of proof. Sometimes that rule may completely determine the result of a trial. See Sampson v. Channell, 1 Cir., 110 F.2d 754, 758. This Court, since the enactment of § 269 of the Judicial Code as amended, 28 U.S.C.A. § 391,— which provides that "On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties,"—has ruled that, unless an appellant can show from the entire record the denial of some substantial right, there will be no reversal. Valley Shoe Corp. v. Stout, 8 Cir., 98 F.2d 514, 520, and cases cited. The Supreme Court has stated the rule differently in McCandless v. United States, 298 U.S. 342, 347, 348, 56 S.Ct. 764, 766, 80 L.Ed. 1205. That court, referring to § 269, said: "This, as the language plainly shows, does not change the well-settled rule that an erroneous ruling which relates to the substantial rights of a party is ground for reversal unless it affirmatively appears from the whole record that it was not prejudicial. United States v. River Rouge Co., 269 U.S. 411, 421, 46 S.Ct. 144, 70 L.Ed. 339; Fillippon v. Albion Vein Slate Co., 250 U.S. 76, 82, 39 S. Ct. 435, 63 L.Ed. 853; Williams v. Great Southern Lumber Co., 277 U.S. 19, 26, 48 S.Ct. 417, 72 L.Ed. 761."

See and compare, Lynch v. Oregon Lumber Co., 9 Cir., 108 F.2d 283, 287; Little v. United States, 10 Cir., 73 F.2d 861, 866, 96 A.L.R. 889; United States v. Dressler, 7 Cir., 112 F.2d 972, 978.

Here, the defendant has shown the denial of a substantial right and an erroneous ruling relating to such right, which ruling does not, from the entire record, affirmatively appear to have been nonprejudicial.

The judgment is reversed and the case remanded for a new trial.

---

[9] See and compare: Central Vermont Ry. Co. v. White, 238 U.S. 507, 35 S. Ct. 865, 59 L.Ed. 1433, Ann.Cas.1916B, 252; Cities Service Oil Co. v. Dunlap, 308 U.S. 208, 60 S.Ct. 201, 84 L.Ed. 196; Sampson v. Channell, 1 Cir., 110 F.2d 754, 128 A.L.R. 394 and note, certiorari denied, 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415; Montgomery Ward & Co. v. Snuggins, 8 Cir., 103 F.2d 458; Peterson v. Sheridan, 8 Cir., 115 F.2d 121; Francis v. Humphrey, D.C., 25 F.Supp. 1; Schopp v. Muller Dairies, Inc., D.C., 25 F.Supp. 50; MacDonald v. Central Vermont Ry., Inc., D.C., 31 F.Supp. 298. See, also: Moore's Federal Practice, Vol. 1, 1940 Supp., page 114; Fidelity Union Trust Co. v. Field, 311 U.S. 169, 180, 61 S.Ct. 176, 85 L.Ed. ——; Sibbach v. Wilson & Co., Inc., 61 S.Ct. 422, 85 L.Ed. ——.